**Billy Don CRAIG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 333–90.**

Court of Criminal Appeals of Texas, En Banc.

March 4, 1992.

Ruth Marks, Odessa, for appellant.

Gary Garrison, Dist. Atty., and Michael T. Griffin, Asst. Dist. Atty., Odessa, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

A jury convicted appellant of murder and assessed punishment at confinement for life and a ten thousand dollar fine. Tex.Penal Code Ann. § 19.02. The Court of Appeals affirmed. *Craig v. State,* 783 S.W.2d 620 (Tex.App.—El Paso 1989). Appellant presents one ground for review. We will remand.

The Court of Appeals found eight instances of "deficient performance by trial counsel." *Craig,* 783 S.W.2d at 626. The court noted:

None of these incidents can be attributable to colorable tactical decision. Nor

are they independent, isolated instances of professional lapse. Nor are they deficient from a purely retrospective vantage point. [*Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 694 (1984).]

Admittedly, our immediate impression was that these deficiencies would necessitate reversal. Upon closer analysis, however, we have concluded that in fact Appellant has not satisfied the second prong of the *Strickland* test under which he must show that the deficiencies in trial representation prejudiced his defense.

The Court of Appeals divided the eight instances of deficient performance into two groups, those which occurred at the guilt/innocence phase and those which occurred at the punishment phase. The Court then applied the *Strickland* test to both categories. *Craig,* 783 S.W.2d at 626–627.

Appellant contends that the Court of Appeals utilized the wrong standard to review the effectiveness of counsel during the punishment phase of the trial.[1]

█ The *Strickland* test is the proper standard to gauge the effectiveness of counsel at the guilt/innocence phase of a non-capital trial and at the guilt/innocence and punishment phases of a capital murder trial. *Boyd v. State,* 811 S.W.2d 105, 109 (Tex.Cr.App.1991). *Strickland* requires a two part analysis:

(1) Did the attorney's performance fail to constitute "reasonably effective assistance," i.e., did the defense attorney's representation fall below an objective standard of reasonableness under prevailing professional norms, and (2) if so, was there a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different?

*Walker,* 777 S.W.2d at 430.

█ However, we apply the test announced in *Ex parte Duffy,* 607 S.W.2d 507

1. Specifically, appellant's Ground for Review states:

After finding eight instances of deficiencies of trial counsel, the Court of Appeals erred in its

determination that an insufficient showing of prejudice had been made for appellant to prevail in his ineffective assistance of counsel claim.

(Tex.Cr.App.1980), when analyzing the effectiveness of counsel during the punishment phase of non-capital offenses. *Ex parte Walker,* 794 S.W.2d 36 (Tex.Cr.App. 1990), dealt with an ineffective assistance of counsel error which affected the punishment phase of a non-capital offense. This Court stated that

the standard for determining whether applicant suffered ineffective assistance of counsel is found in *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Cr.App.1980), rather than *Strickland v. Washington,* [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)....]. *Ex parte Walker,* 777 S.W.2d 427 (Tex.Cr.App.1989); *Ex parte Cruz,* 739 S.W.2d 53, 58 (Tex.Cr.App. 1987).

*Walker,* 794 S.W.2d at 36–37.[2] Therefore, the test for effectiveness of counsel in the punishment phase of a non-capital offense is, first, whether counsel was reasonably likely to render effective assistance, and second, whether counsel reasonably rendered effective assistance. *Ex parte Walker,* 794 S.W.2d 36, 37 (Tex.Cr.App. 1990) (quoting *Ex parte Duffy,* 607 S.W.2d at 514, n. 4 [sic, actually note 14]). Therefore, the Court of Appeals erroneously applied the *Strickland* test when analyzing the effectiveness of counsel during the punishment phase of appellant's trial.

Accordingly, the case is remanded to the Court of Appeals with instructions to reconsider appellant's claims of ineffectiveness of counsel during the punishment phase in light of *Ex parte Duffy, supra.*

BENAVIDES, Judge, dissenting.

I do not disagree with the general proposition for determining effective assistance of counsel as expressed in the majority opinion. However, I disagree with the treatment made by the Court of Appeals in determining from a cold record and without benefit of a hearing, that appellant's trial counsel's performance was defective in those matters enumerated.

In its brief before this Court, the State sets forth reasonable explanations for such counsel's actions. Without the benefit of a hearing, I would not conclude that counsel's performance was or was not adequate. Effectiveness of trial counsel is not generally an issue ripe for determination on direct appeal.

My preference would be that such issues are properly raised in the context of a post conviction habeas corpus proceeding. See Art. 11.07, V.A.C.C.P. This record, as well as most records on direct appeal, contain no testimony from appellant's trial counsel; the one person who can shed the most light on the reason (or lack thereof) and the circumstances surrounding his alleged unprofessional conduct. Testimony of other witnesses and factors existing at the time of the asserted unprofessional conduct is not in the record because no claim of ineffective counsel was made until after the trial court lost its jurisdiction. The appellate court is put in the position of making a determination of counsel's performance from a record that neither side contemplated would be used for such a determination. Thus, the determination of effectiveness of counsel on direct appeal deprives both the appellant and the State the opportunity to develop adequately their positions and could permanently foreclose appellant's right to relief to which he could otherwise be entitled. *See Vasquez v. State,* 1992 WL 4042 (No. 1095–90, delivered January 15, 1992) (Benavides, J., dissenting).

For these reasons, I respectfully dissent.

McCORMICK, P.J., and WHITE, J., join.

■

---

**2.** Note that the two *Ex parte Walker* cites are distinct cases.