IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-93-307-CR


AND


NO. 3-93-308-CR




CLARENCE LEE MATHIS, SR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NOS. 41,798 & 41,799, HONORABLE JACK W. PRESCOTT, JUDGE PRESIDING


 





PER CURIAM

 In each cause, the district court found appellant guilty of delivering less than 28
grams of cocaine and assessed punishment at imprisonment for ten years. Tex. Health & Safety
Code Ann. § 481.112 (West 1992). Appellant's only point of error in each cause is that he did
not receive effective assistance of counsel at trial.

 Appellant pleaded guilty, and the only issue at trial was punishment. The test for
effective assistance of counsel at the punishment stage of a non-capital trial is (1) whether counsel
was reasonably likely to render effective assistance, and (2) whether counsel rendered reasonably
effective assistance. Craig v. State, 825 S.W.2d 128, 130 (Tex. Crim. App. 1992).

 Appellant argues that trial counsel was ineffective because he did not object to
testimony describing inadmissible unadjudicated offenses. See Grunsfeld v. State, 843 S.W.2d
521 (Tex. Crim. App. 1992). Appellant refers to this testimony by Scott Meeds, a Killeen police
officer called by the State:


Q All right. Are you familiar with [appellant's] reputation in the community?


A Yes, sir. On the information that we've received or that I have heard.


Q What is that reputation?


A Basically that he is involved in the trafficking of narcotics.


Q Is this on a street level basis or on a higher level supply basis?


A He personally doesn't do much on the street level. He -- the information that
I have received is that he is supplying a major number of street level dealers.


Q Does that mean, from the information that you have, that he brings crack
cocaine into Killeen?


A Yes, sir. That is correct.


Q And then disseminates it out to other street level dealers?


A That's correct.



During his own subsequent testimony, appellant admitted selling cocaine "three or four times." 
Appellant denied furnishing drugs for others to sell.

 We will assume that Meeds's testimony was objectionable. Appellant has not,
however, met his burden of proving ineffective assistance of counsel. See Moore v. State, 694
S.W.2d 528, 531 (Tex. Crim. App. 1985). Appellant did not file a motion for new trial, so
counsel did not have an opportunity to explain his actions at trial. Further, the record does not
contain a copy of the presentence report, which was prepared before Meeds testified and which
the district court reviewed before pronouncing sentence. If the report contained information
similar to that testified to by Meeds, counsel may have reasonably concluded that objecting to
Meeds's testimony would be a meaningless exercise. Counsel may also have reasoned that
objecting to this testimony would undercut the defense strategy of admitting appellant's mistakes
and requesting lenience in sentencing. Although appellant's request for probation was denied, the
court did assess a punishment that is at the low end of the range applicable to first-degree felonies. 
Trial counsel's acts and omissions have not been shown to be outside the wide scope of reasonably
competent assistance. The point of error is overruled.

 The judgments of conviction are affirmed.


Before Justices Powers, Jones and Kidd

Affirmed on Both Causes

Filed: February 2, 1994

Do Not Publish