TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00721-CR







Christopher Karone Turner, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 43,834, HONORABLE JACK W. PRESCOTT, JUDGE PRESIDING







PER CURIAM


 The district court found appellant guilty of aggravated robbery and assessed
punishment at imprisonment for twenty-five years. Tex. Penal Code Ann. § 29.03 (West 1994). (1) 
We will affirm.

 Appellant's court-appointed attorney filed a brief in which he concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by advancing a contention that counsel says might arguably support the
appeal. See also Penson v. Ohio, 488 U.S. 75 (1988); Gainous v. State, 436 S.W.2d 137 (Tex.
Crim. App. 1969); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). A copy of counsel's brief was delivered to appellant, and appellant was advised of his
right to examine the appellate record and to file a pro se brief. A pro se brief has been filed.

 Counsel's arguable point of error is that trial counsel was ineffective, a contention
appellant also brings forward in his pro se brief. To prevail on a claim of ineffective assistance
of counsel at the guilt stage, an appellant must show that counsel made such serious errors that
he was not functioning effectively as counsel and that these errors prejudiced the appellant's
defense to such a degree that he was deprived of a fair trial. Strickland v. Washington, 466 U.S.
668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); and see Moore v.
State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143
(Tex. App.--Austin 1992, pet. ref'd). The test for effectiveness of counsel at the punishment stage
of a noncapital trial is whether counsel was reasonably likely to render and rendered effective
assistance. Ex parte Craig, 825 S.W.2d 128, 130 (Tex. Crim. App. 1987); Ex parte Cruz, 739
S.W.2d 53, 57-58 (Tex. Crim. App. 1987). We have reviewed the record and agree with
appointed counsel that trial counsel's performance was within the broad range of reasonable
effectiveness. 

 Appellant's pro se brief also asserts ineffectiveness of counsel on appeal. We find
no support in the record for this contention. The second pro se point of error is overruled.

 Appellant's pro se brief also challenges the sufficiency of the evidence to sustain
the conviction. In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Having
reviewed the testimony in light of this standard, we find the evidence sufficient to sustain the
judgment. The first pro se point of error is overruled.

 The judgment of conviction is affirmed.





Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: April 26, 1995

Do Not Publish

1. Section 29.03 was amended in a nonsubstantive way after this offense was committed.