In re LTJ 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00403-CV







In the Matter of T. L. J. (1)







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-12,390, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING








 Appellant L.T.J., a juvenile, pled true to two allegations of delinquent conduct
under the Family Code and was committed by the district court to the custody of the Texas
Youth Commission. See Tex. Fam. Code Ann. §§ 51.03, 54.04(d)(2) (West Supp. 1995). By
one point of error, appellant complains that he did not receive effective assistance of counsel at
his disposition hearing. We will affirm the trial court's judgment.



THE CONTROVERSY

 In April 1994, the State filed a petition seeking to have appellant adjudicated a
delinquent juvenile for two violations of the Family Code, which governs the application of Penal
Code offenses to juveniles. Tex. Fam. Code Ann. § 51.03(a)(1) (West Supp. 1995). The State
alleged, as the underlying criminal offenses, two counts of robbery. Appellant pled true to the
State's petition, and the trial court assessed punishment at a disposition hearing. See Tex. Fam.
Code Ann. § 54.04 (West 1986 & Supp. 1995).

 At the disposition hearing, appellant's counsel called two witnesses: appellant's
father and Anthony Macias, appellant's juvenile probation officer. Both witnesses testified, in
mitigation of appellant's delinquent conduct, that appellant had suffered significant abuse as a
child. Mr. Macias also testified as to appellant's psychological problems, noting that appellant
evinced a self-destructive mentality in committing the two robbery offenses at issue. In addition,
the court had before it a report from Mr. Macias detailing appellant's history of delinquent
conduct and progress in various stages of the juvenile justice system. Appellant's counsel argued
for probation, but the court committed appellant to the custody of the Texas Youth Commission
for an indefinite period of time.

 Appellant complains on appeal that his trial counsel was ineffective at the
disposition hearing. The gravamen of appellant's complaint is that his counsel failed to obtain two
types of important exculpatory evidence: first, a psychological profile from a court-appointed
psychologist; and second, the testimony of two witnesses with knowledge of appellant's history
of abuse. Appellant contends that the failure to procure this evidence resulted in his commitment
to the Texas Youth Commission instead of receiving probation.



DISCUSSION

 As a preliminary matter, we must address the application of constitutional
protections for criminal defendants to a juvenile proceeding brought under the Texas Family
Code. A juvenile proceeding, although civil in nature, has much in common with a criminal
proceeding. Tex. Fam. Code Ann. § 51.17 (West 1986); In re D.Z., 869 S.W.2d 561, 565 (Tex.
App.--Corpus Christi 1993, writ denied). The United States Supreme Court has ruled that federal
constitutional protections for adult criminal defendants, such as the Sixth Amendment guarantee
of the assistance of counsel, also apply to juvenile proceedings under state law in which the
juvenile faces the prospect of incarceration in a state institution. In re Gault, 387 U.S. 1, 36-37
(1967). The right to assistance of counsel includes the right to effective assistance of counsel. 
Evitts v. Lucey, 469 U.S. 387, 395-96 (1985); Ward v. State, 740 S.W.2d 794, 799 (Tex. Crim.
App. 1987). Texas courts apply federal and state constitutional due process protections to juvenile
proceedings as well as to adult criminal proceedings. In re E.Q., 839 S.W.2d 144, 146 (Tex.
App.--Austin 1992, no writ); accord D.Z., 869 S.W.2d at 565; In re R.J.W., 770 S.W.2d S.W.2d
103, 105 (Tex. App.--Houston [1st Dist.] 1989, no writ). Therefore, we apply in this appeal the
law Texas courts use to evaluate an adult criminal defendant's complaint of ineffective assistance
of counsel.

 In the punishment phase of a non-capital criminal trial, we apply the test for
effectiveness of counsel set out by the court of criminal appeals in Ex parte Duffy, 607 S.W.2d
507 (Tex. Crim. App. 1980). Craig v. State, 825 S.W.2d 128, 130 (Tex. Crim. App. 1992); Ex
parte Walker, 794 S.W.2d 36, 37 (Tex. Crim. App. 1990). Under Duffy, the standard is whether
counsel rendered reasonably effective assistance to the juvenile. Duffy, 607 S.W.2d at 514 n.14;
see also Craig, 825 S.W.2d at 130 (paraphrasing Duffy). Applying the Duffy test, counsel's
assistance must be evaluated based upon the totality of the circumstances, which requires an
examination of the record concerning counsel's representation of the client. Ex parte Cruz, 739
S.W.2d 53, 58-59 (Tex. Crim. App. 1987).

 Ineffective assistance of counsel claims may be brought on direct appeal by means
of a motion for new trial. Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993)
(interpreting Tex. R. App. P. 30(b)). If, on direct appeal, the basis for counsel's ineffectiveness
is not apparent from the trial record, the movant for new trial must obtain a hearing on the motion
and present the proof demonstrating the ineffectiveness. Jordan v. State, 883 S.W.2d 664, 665
(Tex. Crim. App. 1994). We will reverse the trial court judgment only if a review of the record
supports appellant's claim that his counsel was ineffective. Id.; Howard v. State, 894 S.W.2d
104, 106 (Tex. App.--Beaumont 1995, no pet.).

 In the instant cause, appellant's basis for claiming ineffective assistance of counsel
is not apparent from the record of the disposition hearing. Appellant claims that two additional
witnesses and a psychologist's report would have provided key exculpatory evidence to mitigate
his punishment, but the record contains no bill of exceptions or other offer of proof to indicate
the substance of the omitted testimony. Although the record indicates that appellant received a
hearing on the motion for new trial, which was overruled, appellant has failed to bring a record
of those proceedings to this Court. The record, as it stands, contains no indication of the nature
of the omitted evidence upon which appellant relies. Without a record detailing this evidence, we
have no way to discern whether appellant's counsel was, in fact, ineffective. Consequently, we
have no basis for holding that the trial court abused its discretion in overruling appellant's motion
for new trial. Jordan, 883 S.W.2d at 665.

 In any event, an examination of appellant's brief to this Court indicates that the
evidence not adduced by his trial counsel would simply have been cumulative of other evidence
already before the trial court at the disposition hearing. Appellant suggests that the importance
of the unutilized evidence lay in the description of appellant's history of abuse and psychological
state. The record of the disposition hearing, however, indicates that the testimony of the two
witnesses and the written reports submitted to the trial court addressed these topics. We overrule
appellant's sole point of error and affirm the judgment of the trial court.



 

 Mack Kidd, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: September 27, 1995

Do Not Publish

1.   Although the trial-court judgment, notice of appeal, and affidavit of inability to pay
the costs of appeal give appellant's name as T.L.J., the statement of facts indicates that
appellant's name is actually L.T.J.


>, 740 S.W.2d 794, 799 (Tex. Crim.
App. 1987). Texas courts apply federal and state constitutional due process protections to juvenile
proceedings as well as to adult criminal proceedings. In re E.Q., 839 S.W.2d 144, 146 (Tex.
App.--Austin 1992, no writ); accord D.Z., 869 S.W.2d at 565; In re R.J.W., 770 S.W.2d S.W.2d
103, 105 (Tex. App.--Houston [1st Dist.] 1989, no writ). Therefore, we apply in this appeal the
law Texas courts use to evaluate an adult criminal defendant's complaint of ineffective assistance
of counsel.

 In the punishment phase of a non-capital criminal trial, we apply the test for
effectiveness of counsel set out by the court of criminal appeals in Ex parte Duffy, 607 S.W.2d
507 (Tex. Crim. App. 1980). Craig v. State, 825 S.W.2d 128, 130 (Tex. Crim. App. 1992); Ex
parte Walker, 794 S.W.2d 36, 37 (Tex. Crim. App. 1990). Under Duffy, the standard is whether
counsel rendered reasonably effective assistance to the juvenile. Duffy, 607 S.W.2d at 514 n.14;
see also Craig, 825 S.W.2d at 130 (paraphrasing Duffy). Applying the Duffy test, counsel's
assistance must be evaluated based upon the totality of the circumstances, which requires an
examination of the record concerning counsel's representation of the client. Ex parte Cruz, 739
S.W.2d 53, 58-59 (Tex. Crim. App. 1987).

 Ineffective assistance of counsel claims may be brought on direct appeal by means
of a motion for new trial. Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993)
(interpreting Tex. R. App. P. 30(b)). If, on direct appeal, the basis for counsel's ineffectiveness
is not apparent from the trial record, the movant for new trial must obtain a hearing on the motion
and present the proof demonstrating the ineffectiveness. Jordan v. State, 883 S.W.2d 664, 665
(Tex. Crim. App. 1994). We will reverse the trial court judgment only if a review of the record
supports appellant's claim that his counsel was ineffective. Id.; Howard v. State, 894 S.W.2d
104, 106 (Tex. App.--Beaumont 1995, no pet.).

 In the instant cause, appellant's basis for claiming ineffective assistance of counsel
is not apparent from the record of the disposition hearing. Appellant claims that two additional
witnesses and a psychologist's report would have provided key exculpatory evidence to mitigate
his punishment, but the record contains no bill of exceptions or other offer of proof to indicate
the substance of the omitted testimony. Although the record indicates that appellant received a
hearing on the motion for new trial, which was overruled, appellant has failed to bring a record
of those proceedings to this Court. The record, as it stands, contains no indication of the nature
of the omitted evidence upon which appellant relies. Without a record detailing this evidence, we
have no way to discern whether appellant's counsel was, in fact, ineffective. Consequently, we
have no basis for holding that the trial court abused its discretion in overruling appellant's motion
for new trial. Jordan, 883 S.W.2d at 665.

 In any event, an examination of appellant's brief to this Court indicates that the
evidence not adduced by his trial counsel would simply have been cumulative of other evidence
already before the trial court at the disposition hearing. Appellant suggests that the importance
of the unutilized evidence lay in the description of appellant's history of abuse and psychological
state. The record of the disposition hearing, however, indicates that the testimony of the two
witnesses and the written reports submitted to the trial court addressed these topics. We overrule
appellant's sole point of error and affirm the judgment of the trial court.



 

 Mack Kidd, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: September 27, 1995

Do Not Publish