TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00291-CR







Michael Jermaine Collins, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 46,422, HONORABLE RICK MORRIS, JUDGE PRESIDING







A jury found appellant Michael Jermaine Collins guilty of aggravated kidnapping and
aggravated sexual assault. See Tex. Penal Code Ann. §§ 20.04(a)(4), 22.021(a)(1)(A)(i) & (a)(2)(A)(iv)
(West Supp. 1998). The jury assessed punishment at imprisonment for fifteen years for the former offense
and at imprisonment for seventeen years for the latter. 

In two points of error, appellant contends he did not receive effective assistance of counsel
at trial. Finding this contention unsupported by the record, we will affirm the district court's judgment.

The complaining witness was Brandy Kent Collins, appellant's estranged wife. (1) The couple
married in North Carolina in July 1995, when she was sixteen and he was nineteen. They moved to Killeen
when appellant joined the Army and was assigned to Fort Hood. In December 1995, after appellant was
discharged from the Army for misconduct, the marriage began to deteriorate. According to Kent, appellant
became abusive. She left appellant in February 1996 and moved into a friend's apartment. 

After the separation, appellant called or visited Kent almost daily at the high school where
she was a student and part-time employee. On March 5, 1996, appellant came to the school, ostensibly
to return clothing belonging to Kent. When she went outside to appellant's car, he pointed a pistol at her
and demanded that she get in the vehicle. Appellant then drove to a motel in Waco where he had
previously rented a room. Inside the room, appellant begged Kent to return to him and threatened to kill
himself. He then taped her wrists together, covered her mouth with tape, and began to remove her clothing. 
When she resisted, he threatened to cut her with a razor blade. Fearing that appellant would shoot or cut
her, Kent submitted to his sexual assault. Later, appellant began to cry and again threatened to kill himself. 
Kent calmed appellant and convinced him to return her to Killeen.

Appellant asserts that counsel was ineffective at both the guilt and punishment stages of the
trial. To prevail on a claim of ineffective assistance of counsel at the guilt stage, an appellant must show that
counsel made such serious errors that he was not functioning effectively as counsel and that these errors
prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. Strickland v.
Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986);
and see Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d
139, 143 (Tex. App.--Austin 1992, pet. ref'd). The test for effectiveness of counsel at the punishment
stage of a noncapital trial is whether counsel was reasonably likely to render and rendered effective
assistance. Ex parte Craig, 825 S.W.2d 128, 130 (Tex. Crim. App. 1987); Ex parte Cruz, 739 S.W.2d
53, 57-58 (Tex. Crim. App. 1987).

Counsel's performance must be judged in its totality, rather than by isolating individual
errors or omissions. Oestrick v. State, 939 S.W.2d 232, 237 (Tex. App.--Austin 1997, pet. ref'd). We
also must avoid the distortions of hindsight, and evaluate counsel's conduct from his perspective at the time
of trial. Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993). In reviewing a claim of
ineffective assistance, we must indulge a strong presumption that counsel's conduct fell within the wide
range of reasonable professional assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994).

With respect to the guilt stage, appellant complains that his attorney did not object to
testimony that he was discharged from the Army for misconduct and that he was physically abusive to Kent. 
Appellant contends this testimony was objectionable as evidence of irrelevant extraneous misconduct. See
Tex. R. Evid. 404(b). Appellant also urges that counsel should have objected to the "bolstering" of Kent
by a school counselor, who testified that Kent was level-headed, dependable, and truthful. And appellant
contends counsel should have objected when the prosecutor, during jury argument, told the jury that
appellant violated the conditions of his bail bond. Appellant did not file a motion for new trial and the
record is silent concerning trial counsel's failure to voice the objections appellant claims should have been
made. Absent evidence to the contrary, we must presume that counsel was in the best position to judge
the efficacy of the case and that his failure to object was an exercise of reasonable professional judgment. 
Jackson, 877 S.W.2d at 771.

Appellant contends that counsel's most serious error at the guilt stage was his failure to
object when the prosecutor referred to his failure to testify during jury argument. The prosecutor said,
"And if you look at the law and you look at the evidence, the inescapable conclusion is that this Defendant
is guilty of both Counts of this indictment, because the only evidence you heard from that witness stand
proves his guilt to both Counts beyond a reasonable doubt." Alleged comments on a defendant's failure
to testify must be viewed from the jury's perspective. Error is presented only if the comment necessarily
referenced the defendant's failure to testify. See Cooper v. State, 959 S.W.2d 682, 686 (Tex.
App.--Austin 1997, pet. filed). Contrary to appellant's contention, the argument in question does not refer
to appellant's failure to testify either directly or by necessary implication.

Appellant has not satisfied his burden of proving either that counsel was not functioning
effectively at the guilt stage or that counsel's errors prejudiced his defense to such a degree that appellant
was deprived of a fair trial. Point of error one is overruled.

Regarding the punishment phase of trial, appellant contends his attorney should have
objected when the prosecutor impeached him with his post-arrest silence. Appellant testified at the
punishment stage and admitted taking Kent to the Waco motel where they had sexual intercourse. He said,
however, that he was not armed with a pistol and that Kent went with him willingly. He denied threatening
or using force against her. During cross-examination, the prosecutor asked appellant, "Well, you were
given the opportunity to tell that story to Investigator Hebert when you were picked up, but you didn't
bother to tell him that, did you? You said you didn't want to talk to the police." Appellant denied ever
speaking to Hebert, and said he was never given the opportunity to make a statement.

In Texas, it is improper to impeach a defendant's testimony with proof of his post-arrest
silence. See Sanchez v. State, 707 S.W.2d 575, 582 (Tex. Crim. App. 1986). Assuming that the
prosecutor's cross-examination was objectionable on this ground, counsel's failure to object does not alone
compel a finding of ineffectiveness. Having chosen to have appellant testify, counsel may have believed that
an objection would have given the jury the impression that appellant had something to hide. In any event,
counsel's performance must be gauged by the totality of his representation of appellant. Cruz, 739 S.W.2d
at 58. The right to effective counsel does not mean errorless counsel or counsel whose competence is
judged by hindsight. Id. The record does not support the conclusion that trial counsel rendered ineffective
assistance at the punishment stage of appellant's trial. Point of error two is overruled.

The judgment of conviction is affirmed.


 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: May 14, 1998

Do Not Publish
1. The complainant was named in the indictment as Brandy Collins, but used her maiden name, Brandy
Kent, at trial. We will refer to her as Kent.



hool counselor, who testified that Kent was level-headed, dependable, and truthful. And appellant
contends counsel should have objected when the prosecutor, during jury argument, told the jury that
appellant violated the conditions of his bail bond. Appellant did not file a motion for new trial and the
record is silent concerning trial counsel's failure to voice the objections appellant claims should have been
made. Absent evidence to the contrary, we must presume that counsel was in the best position to judge
the efficacy of the case and that his failure to object was an exercise of reasonable professional judgment. 
Jackson, 877 S.W.2d at 771.

Appellant contends that counsel's most serious error at the guilt stage was his failure to
object when the prosecutor referred to his failure to testify during jury argument. The prosecutor said,
"And if you look at the law and you look at the evidence, the inescapable conclusion is that this Defendant
is guilty of both Counts of this indictment, because the only evidence you heard from that witness stand
proves his guilt to both Counts beyond a reasonable doubt." Alleged comments on a defendant's failure
to testify must be viewed from the jury's perspective. Error is presented only if the comment necessarily
referenced the defendant's failure to testify. See Cooper v. State, 959 S.W.2d 682, 686 (Tex.
App.--Austin 1997, pet. filed). Contrary to appellant's contention, the argument in question does not refer
to appellant's failure to testify either directly or by necessary implication.

Appellant has not satisfied his burden of proving either that counsel was not functioning
effectively at the guilt stage or that counsel's errors prejudiced his defense to such a degree that appellant
was deprived of a fair trial. Point of error one is overruled.

Regarding the punishment phase of trial, appellant contends his attorney should have
objected when the prosecutor impeached him with his post-arrest silence. Appellant testified at the
punishment stage and admitted taking Kent to the Waco motel where they had sexual intercourse. He said,
however, that he was not armed with a pistol and that Kent went with him willingly. He denied threatening
or using force against her. During cross-examination, the prosecutor asked appellant, "Well, you were
given the opportunity to tell that story to Investigator Hebert when you were picked up, but you didn't
bother to tell him that, did you? You said you didn't want to talk to the police." Appellant denied ever
speaking to Hebert, and said he was never given the opportunity to make a statement.

In Texas, it is improper to impeach a defendant's testimony with proof of his post-arrest
silence. See Sanchez v. State, 707 S.W.2d 575, 582 (Tex. Crim. App. 1986). Assuming that the
prosecutor's cross-examination was objectionable on this ground, counsel's failure to object does not alone
compel a finding of ineffectiveness. Having chosen to have appellant testify, counsel may have believed that
an objection would have given the jury the impression that appellant had something to hide. In any event,
counsel's performance must be gauged by the totality of his representation of appellant. Cruz, 739 S.W.2d
at 58. The right to effective counsel does not mean errorless counsel or counsel whose competence is
judged by hindsight. Id. The record does not support the conclusion that trial counsel rendered ineffective
assistance at the punishment stage of appellant's trial. Point of error two is overruled.

The judgment of conviction is affirmed.