ACCEPTED
01-14-00758-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/7/2015 2:25:43 PM
CHRISTOPHER PRINE
CLERK

# No. 01-14-00758-CR

In the
Court of Appeals
For the
First District of Texas
At Houston

——————◆——————

**No. 1401233**
In the 230th District Court
Of Harris County, Texas

——————◆——————

# RICHARD CONTRERAS

*Appellant*

V.

# THE STATE OF TEXAS

*Appellee*

——————◆——————

# STATE'S APPELLATE BRIEF

——————◆——————

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/7/2015 2:25:43 PM

CHRISTOPHER A. PRINE
Clerk

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**ERIC KUGLER**
Assistant District Attorney
Harris County, Texas
TBC No. 796910
kugler_eric@dao.hctx.net

**LAUREN BARD**
Assistant District Attorney
Harris County, Texas

1201 Franklin, Suite 600
Houston, Texas 77002
Tel: (713) 755-5826
FAX: (713) 755-5809

*Counsel for Appellee*

ORAL ARGUMENT WAIVED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 39, the State waives oral argument.

## IDENTIFICATION OF THE PARTIES

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

**Eric Kugler** — Assistant District Attorney on appeal

**Lauren Bard** — Assistant District Attorneys at trial

Appellant or criminal defendant:

**Richard Contreras**

Counsel for Appellant:

**Michael Driver** — Counsel on appeal

**Tanya Broholm** — Counsel at trial

Trial Judge:

**Hon. Brad Hart** — Presiding Judge

i

# TABLE OF CONTENTS

**Page**

STATEMENT REGARDING ORAL ARGUMENT ........................................................... i

IDENTIFICATION OF THE PARTIES ........................................................... i

INDEX OF AUTHORITIES ........................................................... iii

STATEMENT OF THE CASE ........................................................... 1

STATEMENT OF FACTS ........................................................... 1

REPLY TO APPELLANT'S FIRST AND SECOND POINTS OF ERROR .................... 3

The appellant has failed to show that his trial counsel rendered a deficient performance that harmed the appellant ........................................................... 4

CONCLUSION ........................................................... 12

CERTIFICATE OF SERVICE AND COMPLIANCE ........................................................... 13

# INDEX OF AUTHORITIES

**CASES**

*Bingham v. State*,
915 S.W.2d 9 (Tex. Crim. App. 1994) ............................................................. 5

*Butler v. State*,
716 S.W.2d 48 (Tex. Crim. App. 1986) ........................................................ 10

*Charles v. State*,
146 S.W.3d 204 (Tex. Crim. App. 2004) ......................................................... 7

*Craig v. State*,
825 S.W.2d 128 (Tex. Crim. App. 1992) ......................................................... 4

*Duncan v. State*,
717 S.W.2d 345 (Tex. Crim. App. 1986) ...................................................... 5, 9

*Hawkins v. State*,
660 S.W.2d 65 (Tex. Crim. App. 1983) .......................................................... 4

*Hernandez v. State*,
726 S.W.2d 53 (Tex. Crim. App. 1986) .......................................................... 4

*Lockhart v. Fretwell*,
506 U.S. 364 (1993) ...................................................................................... 6

*McFarland v. State*,
845 S.W.2d 824 (Tex. Crim. App. 1992) ...................................................... 5, 9

*Mercado v. State*,
615 S.W.2d 225 (Tex. Crim. App. 1981) ......................................................... 4

*Miniel v. State*,
831 S.W.2d 310 (Tex. Crim. App. 1992),
*cert. denied*, 506 U.S. 885 (1992) ................................................................. 6

*Perez v. State*,
310 S.W.3d 890 (Tex. Crim. App. 2010) ....................................................... 10

*Rodriguez v. State*,
329 S.W.3d 74 (Tex. App.—
Houston [14th Dist.] 2010, no pet.) ................................................................. 6

*Salgado v. State*,
05-08-00690-CR, 2009 WL 3466430 (Tex. App.—
Dallas Oct. 29, 2009, no pet.) ....................................................................... 11

*State v. Gill*,
967 S.W.2d 540 (Tex. App.—
Austin 1998, pet. ref'd)......................................................................................6

*State v. Reed*,
965 S.W.2d 74 (Tex. App.—
Austin 1998, no pet.) .........................................................................................10

*State v. Stevens*,
235 S.W.3d 736 (Tex. Crim. App. 2007) .....................................................10

*Strickland v. Washington*,
466 U.S. 668 (1984) ...........................................................................................4

*United States v. Masat*,
896 F.2d 88 (5th Cir. 1990) .............................................................................5

*Wilkerson v. State*,
726 S.W.2d 542 (Tex. Crim. App. 1986),
*cert. denied*, 480 U.S. 940 (1987) ...................................................................6

## STATUTES

TEX. CODE CRIM. PROC. art. 57.01 (4) (West 2010) ............................................1

TEX. CODE CRIM. PROC. art. 57.02(h) (West 2010) ............................................1

TEX. CODE CRIM. PROC. art. 57.03(d) (West 2010) ............................................1

## RULES

TEX. R. APP. P. 39 ...............................................................................................i

iv

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

The appellant was charged with the aggravated sexual assault of a child committed on July 1, 2013 (CR – 15). He pled "guilty" to the charge, and a presentence investigation (PSI) report was prepared (CR – 23-32) (St. Ex. 2). The trial court sentenced him to 50 years in prison on June 10, 2014 (CR – 38). The appellant filed a motion for new trial that same day, which was denied on August 15 (CR – 41-46). The appellant then filed a notice of appeal on September 4, 2014, and the trial court certified that he had waived his right to appeal (CR – 34, 57).

## STATEMENT OF FACTS

Jane[1] was a ten-year-old girl who was going into the fifth grade (St. Ex. 2). When she was six or seven years old, the appellant, her 30-year-old uncle, started

---

[1] A public servant who has "access to the name, address, or telephone number of a victim 17 years of age or older who has chosen a pseudonym under this chapter commits an offense if the public servant knowingly discloses the name, address, or telephone number of the victim to any person who is not assisting in the investigation or prosecution of the offense or to any person other than the defendant, the defendant's attorney, or the person specified in the order of a court of competent jurisdiction" TEX. CODE CRIM. PROC. art. 57.03(a) (West 2014). The term "victim" means a person who was the subject of: "(A) an offense the commission of which leads to a reportable conviction or adjudication under Chapter 62; or (B) an offense that is part of the same criminal episode, as defined by Section 3.01, Penal Code, as an offense described by Paragraph (A)." TEX. CODE CRIM. PROC. art. 57.01 (4) (West 2010). The release or disclosure of such information to any person is a class C misdemeanor. TEX. CODE CRIM. PROC. art. 57.03(d) (West 2010). Therefore, the pseudonym "Jane" will be used for the victim in this case.

sexually assaulting her (St. Ex. 2). Sometime in late June or early July 2013, Jane was watching television at her grandmother's house when the appellant made Jane sit next to him (St. Ex. 2). He penetrated her vagina with his finger while both of them were covered by a blanket (St. Ex. 2). Just as he had done after other assaults, the appellant told Jane not to tell anyone (St. Ex. 2). Jane was once on the toilet inside a locked bathroom when the appellant used something to open the door (St. Ex. 2). He grabbed his cell phone and took pictures of her with her panties down (St. Ex. 2).

On July 10, 2013, Jane was at her grandmother's house because her mother was teaching a cake-decorating class somewhere else (St. Ex. 2). The appellant and Jane were the only people in the grandmother's house when the appellant took her to her uncle and aunt's bedroom (St. Ex. 2). He put Jane on the bed and penetrated her vagina with his penis (St. Ex. 2). The appellant "was moving his body into hers, she told him to stop because it was hurting and she did not want to do that, but he continued." (St. Ex. 2). Something "like water" came out of the appellant's "front part," and it felt sticky afterwards (St. Ex. 2). He was laughing and told Jane not to tell anyone (St. Ex. 2).

The appellant gave several statements to police officers (St. Ex. 2). Initially, he lied to them and told them that he had never touched Jane in such a manner (St. Ex. 2). The appellant later admitted that he started assaulting Jane when she was

2

six or seven years old in Houston (St. Ex. 2). He stated that he would touch Jane while they were cuddling on the couch under a blanket by rubbing her vagina with his fingers in a circular motion and that Jane never told him to stop (St. Ex. 2). He confessed that sometimes Jane would touch his penis while they were under the blanket, and he would ejaculate (St. Ex. 2). The appellant admitted that he and Jane went into a bedroom on one occasion; he put a condom on his penis and started to get on top of her, but stopped "before the cum came out." (St. Ex. 2). The appellant stated that he might have touched Jane with the tip of his penis but did not put it inside her (St. Ex. 2).

## REPLY TO APPELLANT'S FIRST AND SECOND POINTS OF ERROR

The appellant complains in his first point of error that he received ineffective assistance of counsel because his trial counsel allegedly did not make an adequate argument at the PSI hearing, did not develop mitigating evidence, and presented no witnesses. (App'nt Brf. 12). His related second point of error complains that the trial court did not grant his motion for new trial due to the alleged ineffective assistance of counsel. (App'nt Brf. 14). These arguments lack merit because the totality of trial counsel's performance did not fall below prevailing professional norms, and the appellant was not harmed by counsel's performance.

**The appellant has failed to show that his trial counsel rendered a deficient performance that harmed the appellant.**

The Sixth Amendment of the United States Constitution guarantees a criminal defendant the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986) (stating that the *Strickland* standard is applied to ineffective assistance of counsel claims under the Texas constitution). In *Strickland*, the Supreme Court held that the benchmark for judging any claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*.

In order to show ineffectiveness, the appellant must first show that counsel's performance was deficient. *Strickland*, 466 U.S. at 687. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* In order to determine whether trial counsel's performance was deficient, this Court must weigh the defense attorney's representation under prevailing professional norms. *Craig v. State*, 825 S.W.2d 128, 129 (Tex. Crim. App. 1992). Assertions of ineffective assistance of counsel must be firmly founded in the record. *See Mercado v. State*, 615 S.W.2d 225, 228 (Tex. Crim. App. 1981); *Hawkins v. State*, 660 S.W.2d 65, 75 (Tex. Crim. App. 1983).

If a defendant, upon full advice of the consequences, demands that counsel follow a flawed strategy, a subsequent claim of ineffective assistance will not lie. *McFarland v. State*, 845 S.W.2d 824, 848 (Tex. Crim. App. 1992) ("When a defendant preempts his attorney's strategy by insisting that ... certain evidence be put on or kept out, no claim of ineffectiveness can be sustained."), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994); *Duncan v. State*, 717 S.W.2d 345, 348 (Tex. Crim. App. 1986) ("[W]hen a defendant preempts his attorney's strategy by insisting that a different defense be followed, no claim of ineffectiveness can be made."); *United States v. Masat*, 896 F.2d 88, 92 (5th Cir. 1990) ("Cutting through the smoke, it is apparent that we are being asked to permit a defendant to avoid conviction on the ground that his lawyer did exactly what he asked him to do. That argument answers itself.").

The *Strickland* Court stated that in order to satisfy the prejudice requirement of the test,

> [i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding…
>
> ***
>
> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different…
>
> ***
>
> Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.

*Id.*, 466 U.S. at 693, 694, 696. A reasonable probability is defined as a probability sufficient to undermine confidence in the outcome. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992), *cert. denied*, 506 U.S. 885 (1992). Prejudice requires a showing that counsel's deficient performance deprived the defendant of "a fair trial, a trial whose result is reliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

An appellate court does not judge trial counsel's decisions in hindsight and strongly presumes that counsel was competent. *See Miniel*, 831 S.W.2d at 323 (stressing the need to avoid the "distorting effects of hindsight"). The appellant has the burden to rebut this presumption by proving that his attorney's representation was not sound strategy. *Id.* Whether the *Strickland* standard has been met is judged by the "totality of the representation," rather than by isolated acts or omissions of trial counsel, and the test is applied at the time of trial. *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986), *cert. denied*, 480 U.S. 940 (1987).

Because the appellant asserted his claim of ineffective assistance through a motion for new trial, this Court must review the *Strickland* standards "through the prism of an abuse of discretion standard." *State v. Gill*, 967 S.W.2d 540, 542 (Tex. App.—Austin 1998, pet. ref'd); *see also Rodriguez v. State*, 329 S.W.3d 74, 81 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Charles v. State*, 146

6

S.W.3d 204, 207–08 (Tex. Crim. App. 2004)). Under that standard, this Court must view the evidence in the light most favorable to the trial court's ruling, and reverse only if no reasonable view of the record could support the trial court's finding. *Charles*, 146 S.W.3d at 208.

In the present case, Hattie Shannon with the Harris County Public Defender's Office was appointed as counsel for the appellant on September 18, 2013 (CR – 6). Tanya Broholm then filed a motion to substitute as counsel less than one month later (CR – 7-10). Broholm went by the jail and spoke with the appellant when she filed the motion to substitute (CR – 47). She also went to the office for the child abuse division and reviewed the offense reports, the medical reports, the appellant's statements, the witness statements, and Jane's Child Assessment Center video (CR – 47). After examining the evidence, Broholm went back to the jail to speak with the appellant (CR – 47). Broholm learned that Jane had reported that the appellant took her into the bedroom he shared with his wife, took off his clothes, took off his pants, put on a condom, and inserted his penis into her vagina while he laughed (CR – 48). The appellant admitted to Broholm that everything Jane said was accurate (CR – 48).

The appellant told Broholm that he did not want a trial and wanted probation (CR – 48). The prosecution was offering 35 years, which was negotiated down to 25 years (CR – 48). But the appellant was not interested in further negotiations; he

thought that he deserved probation because Jane "came on to him and she wanted it." (CR – 47-48). Prior to the appellant's plea, Broholm fully discussed the plea and its consequences with him, and the appellant swore that he was "totally satisfied with the representation provided by" Broholm (CR – 24, 28) (RR. Plea – 6). Broholm conveyed all offers by the State to the appellant and provided letters regarding the appellant's character for consideration by the trial court (CR Supp. – 3, 4). And four such letters were incorporated into the PSI report, including a letter from the appellant's wife, from his mother, from a close friend, and from his former baseball coach (St. Ex. 2).

Broholm went to the jail more than five times and spent countless hours on the phone and in person with the appellant's family to discuss the ramifications of pleading guilty to the judge (CR – 48). After the plea, Broholm went to the jail and prepared the appellant for the PSI interview (CR – 48). She clearly discussed the importance of accepting responsibility (CR – 48). But the appellant did not take that advice; he continued to claim that it was Jane's fault (CR – 48). The appellant said things like "she liked it," "she wanted it," and "[she] provoked me [by dancing in front of me.]" (CR – 48).

Broholm allowed the appellant to "proceed in front of the judge as he requested." (CR – 50). Through her research and investigation in this case, Broholm was thoroughly familiar with the facts of the case, the participants of the

case, and the reports in this case (CR – 50). She also "did everything possible to help [the appellant] through his [] situation by visiting and communicating with him and family weekly, investigating every aspect of this case and advising him of the risks and consequences of the offenses." (CR – 50). The totality of the representation afforded the appellant was well above the prevailing professional norms.

The appellant claims that his trial counsel was ineffective because she failed to make a lengthier closing argument or present witnesses during the PSI hearing (App'nt Brf. 12). While Broholm's closing argument was 64 words long, the State's closing was only 105 words long (RR. II – 7). Furthermore, neither side presented witnesses. It is possible that counsel for both sides believed that the trial court would reward brevity, especially in light of the fact that the trial court had already taken notice of the PSI report, which contained the mitigation evidence (RR. II – 5). Moreover, with the appellant's insistence on blaming Jane for the assaults, there was little for Broholm to argue to the court. *See McFarland*, 845 S.W.2d at 848 ("When a defendant preempts his attorney's strategy by insisting that ... certain evidence be put on or kept out, no claim of ineffectiveness can be sustained."); *Duncan*, 717 S.W.2d at 348 ("[W]hen a defendant preempts his attorney's strategy by insisting that a different defense be followed, no claim of

ineffectiveness can be made."). Thus, counsel was not deficient in her closing argument.

The appellant also complains that Broholm failed to investigate and develop a line of mitigating evidence. (App'nt Brf. 12). But in cases where a defendant challenges trial counsel's failure to present evidence, it is necessary to show that such evidence was available and relevant. *See, e.g., Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010) ("[T]he failure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony."); *Butler v. State*, 716 S.W.2d 48, 55 (Tex. Crim. App. 1986) ("Counsel's failure to call such witnesses would be irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony."). And the appellant has failed to show what a more detailed investigation would have revealed. Thus, the appellant has failed to show that Broholm was deficient in her investigation.

The appellant claims that the trial court made an incorrect conclusion of law as part of its findings on the motion for new trial. (App'nt Brf. 13). But this Court must uphold the trial court's ruling if the ruling is supported by the record and is correct under any theory of law applicable to the case regardless of the trial court's stated basis. *See State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *State v. Reed*, 965 S.W.2d 74, 77 (Tex. App.—Austin 1998, no pet.) (providing

that a trial court's decision to deny a motion for new trial will be sustained if it is correct on any theory of law applicable to the case). Thus, whether the trial court made incorrect conclusions of law is effectively irrelevant to whether that court's decision should be upheld. And as stated previously, the appellant failed to show that the totality of Broholm's representation fell below the prevailing professional norms.

Even if this Court believes that Broholm was deficient, the appellant cannot show that he was harmed by her performance. The evidence of the appellant's guilt was overwhelmingly strong. He freely and repeatedly admitted to the commission of the assaults; his only defense appeared to be that a six-year-old girl was asking to be sexually assaulted by him, repeatedly (CR – 48) (St. Ex. 2). Moreover, the trial court stated that "regardless of the amount of mitigating evidence" it "could not see giving the Defendant less than his original sentence based upon the aggravating factors, which the Defendant pleaded to at the time of the original proceeding." (CR Supp. – 4). *See Salgado v. State*, 05-08-00690-CR, 2009 WL 3466430, at *1 (Tex. App.—Dallas Oct. 29, 2009, no pet.) (not designated for publication) ("the trial court ruled that even if the testimony had been offered at the time of appellant's punishment hearing, it would not have changed the outcome of the trial. Appellant has failed to meet his burden of showing ineffective assistance of counsel."). Therefore, it cannot be said that there

11

is a reasonable probability that the result of the proceeding would have been different if Broholm had given a longer closing argument or presented more evidence at the PSI hearing. The trial court did not abuse its discretion in denying the appellant's motion for new trial, and the conviction must be affirmed.

## **CONCLUSION**

It is respectfully submitted that all things are regular and the conviction should be affirmed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ Eric Kugler
**ERIC KUGLER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002-1923
(713) 755-5826
kugler_eric@dao.hctx.net
TBC No. 796910

12

## CERTIFICATE OF SERVICE AND COMPLIANCE

This is to certify that: (a) the word count function of the computer program used to prepare this document reports that there are 3,334 words in it; and (b) a copy of the foregoing instrument will be served by efile.txcourts.gov to:

Michael Driver
Attorney at Law
402 Main, 4th floor
Houston, TX 77002
Mikedriverlaw@gmail.com

/s/ Eric Kugler
**ERIC KUGLER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002-1923
(713) 755-5826
TBC No. 796910

Date: July 7, 2015