82,815-01



# JUDGE CHAP B. CAIN III

253ʳᴰ JUDICIAL DISTRICT COURT
LIBERTY COUNTY COURTHOUSE
1923 SAM HOUSTON
LIBERTY, TEXAS 77575
(936) 336-4668

August 31, 2015

Court of Criminal Appeals
Capitol Station
P.O. Box 12308
Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 02 2015

Abel Acosta, Clerk

In re:  CCA Case No. WR-82,815-01
         COA Case No. 13-0-00552-CR
         Trial Court No. CR28321-A

State of Texas v Corderral John Smith

Enclosed please find certified copy of State's Proposed Findings of Fact and Conclusions of Law on Application for Writ of Habeas Corpus Seeking Relief From Felony Conviction Under Code of Criminal Procedure 11.07 and certified copy of Order signed by Judge Cain dated August 26, 2015.

If you have any questions, please contact my office at 936-336-4668.

Sincerely,

Linda Leonard, Court Coordinator
253ʳᵈ District Court, Liberty County, Texas

## NO. CR28321-A

| Ex parte | § | IN THE DISTRICT COURT |
| --- | --- | --- |
| | § | 253RD JUDICIAL DISTRICT |
| CORDERRAL JOHN SMITH | § | LIBERTY COUNTY, TEXAS |

## ORDER

After reviewing Applicant's APPLICATION FOR WRIT OF HABEAS CORPUS, and Respondent's Affidavit and supporting documentation, the Trial Court hereby **ADOPTS** in their entirety, the State's PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW as the Trial Court's FINDINGS OF FACT AND CONCLUSIONS OF LAW in the above numbered and styled Cause.

Accordingly, it is the considered recommendation of this Court that Applicant's request for relief be in all things **DENIED**.

Signed on this **26** day of **August**, 2015.

_____
CHAP B. CAIN, III
Judge, of the 253rd District Court
Liberty County, Texas

STATE OF TEXAS
COUNTY OF LIBERTY
I, Donna G. Brown, District Clerk of Liberty County, Texas, do hereby certify that the foregoing is a true and correct copy of the original record now in my lawful custody and possession, filed on 8-26-15 as appears of record in my office.
Witness my official hand and seal of office, this 8-31-15

_____
DONNA G. BROWN DISTRICT CLERK
Liberty County, Texas
By_____ Deputy

FILED
at 12:05 o'clock P M

AUG 2 6 2015

DONNA G. BROWN
Clerk, District Court, Liberty, TX
BY Frances Foster DEPUTY

CERTIFIED
COPY

## NO. <u>CR28321-A</u>

| EX PARTE | § | IN THE DISTRICT COURT |
|---|---|---|
| CORDERRAL SMITH | § | 253RD JUDICIAL DISTRICT |
| PETITIONER | § | LIBERTY COUNTY, TEXAS |

## STATE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW ON APPLICATION FOR WRIT OF HABEAS CORPUS SEEKING RELIEF FROM FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE 11.07

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the State of Texas, by and through her District Attorney, LOGAN PICKETT, in opposition to Applicant, CORDERRAL SMITH'S, Application for Writ of Habeas Corpus. The State requests the Court DENY RELIEF.

FACTUAL BACKGROUND

Corderral John Smith ("Smith") was tried for the capital murder of Gloria Faye Ryan. His co-defendant was Jason Rizzi ("Rizzi"). Smith was represented at trial by Stephen C. Taylor. Rizzi testified against Smith in the trial court. Smith was convicted of Capital Murder and sentenced to life without the possibility of parole.

FINDINGS OF FACT:

The State requests that the Court make the following findings of fact:

"

1. That Applicant was indicted for the murder of Gloria Ryan, Appellant's mother, on October 25, 2006 and reindicted for the same offense on August 18, 2010.
2. That the murder was committed on or about August 1, 2005.
3. That Applicant was appointed Stephen C. Taylor ("Taylor") on August 16, 2007.

CERTIFIED COPY

4. That Taylor visited Applicant in the Liberty County Jail on at least 12 separate occasions to discuss Applicant's case prior to trial.
5. That Applicant and Taylor were present in court for two bond reductions hearings prior to trial.
6. That the State made a plea offer to the Applicant that required Applicant to plead guilty to the murder of his mother in exchange for a cap of 60 years in sentencing.
7. That Applicant declined the State's offer in writing.
8. That Taylor prepared a typed rendition of the State's file and gave a copy of that rendition to Applicant prior to trial.
9. That Applicant did not provide any possible witness(es) to disprove or create reasonable doubt as to any element of the State's case.
10. That Applicant made a pretrial request for appointment of new counsel.
11. That the Court did not grant any request for new counsel.
12. That during trial a jury member read a radiogram report that included some information about the trial.
13. That the Court admonished the jury regarding reports and information pertaining to the trial.
14. That no evidence was presented to show any juror had any improper influence on them before or during trial.
15. That Applicant was convicted of Capital Murder on September 12, 2010.
16. That Applicant appealed his case.
17. That the Judgment of the trial court was affirmed.
18. That no PDR request was made.

## CONCLUSIONS OF LAW

1. The Court concludes that the Sixth Amendment of the United States Constitution provides for the assistance of competent counsel under the standard laid out in *Strickland v. Washington*, 466 U.S. 668 (1984).
2. The Court concludes that the Texas Court of the Criminal Appeals has determined that the *Strickland* standard applies to the areas of plea, and to the guilt and punishment stages of any capital or non-capital proceedings. See *Craig v. State*, 825 S.W.2d 128 (Tex. Crim. App. 1992).
3. The standard of *Strickland* is that, to grant relief on a claim of ineffective assistance of counsel one must find two things: first, that the trial counsel acted in a way below the prevailing professional norms and second, that this mistake caused some prejudice to the defendant.

CERTIFIED COPY

4. This Court concludes that the proper evaluation of the counsel's representation is based upon the totality of the representation. See *Kyles v. Whitley*, 514 U.S. 419 (1995). See also *Strickland v. Washington*, 466 U.S. at 670.

5. This Court has reviewed all evidence, the arguments of counsel, the pleadings and briefings, as well as the exhibits provided in this matter. The Court has further reviewed all of the original papers and pleadings in the trial cause, and recalls the prior proceedings because the Court presided over them.

6. This Court notes that it is the burden of the Applicant to prove by a preponderance of the evidence under *Strickland* that, but for the counsel's supposed errors, the confidence in the underlying verdict or sentence cannot be maintained. Said another way, this court, in order to recommend that the relief be granted, should find it has lost confidence in either the underlying verdict, or in this case, the voluntariness of the plea. In that instance this Court cannot concur.

7. This Court concludes the Applicant has failed to meet his burden in order to claim relief.

8. The Applicant cannot show either deficient performance or prejudice, and this Court accordingly recommends that his claims for relief should be DENIED.

9. Applicant's due process rights were not violated in this case.

10. Applicant can show no due process violation as a matter of law.

11. Applicant can show no prejudice or harm as a matter of law.

## THEREFORE IT IS THE ORDER OF THIS COURT THAT:

A. The Clerk of the Court shall certify all pleadings and motions and bills filed in this matter and prepare a record for forwarding to the Clerk of the Court of Criminal Appeals for its review;

B. The preparation of these matters shall be at county expense.

Further, it is the considered recommendation of this Court that the claims for relief in all things be DENIED."

Therefore, the State requests this Honorable Court DENY the Application and adopt the proceeding proposed Findings of Fact and Conclusions of Law and Order as its own.

CERTIFIED COPY

Respectfully Submitted,

LOGAN PICKETT
Liberty County District Attorney

*Ragis Forlenof* (by permission)

State Bar No. 24056140
1923 Sam Houston, Ste. 112
Liberty, Texas 77575
(936) 336-4609
(936) 336-4644 (Fax)

CERTIFIED
COPY

# CERTIFICATE OF SERVICE

I, Logan Pickett, District Attorney, Liberty County, Texas, do hereby certify that a true and correct copy of the foregoing **STATE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW ON APPLICATION FOR WRIT OF HABEAS CORPUS SEEKING RELIEF FROM FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE 11.07** has been sent by certified mail, return receipt requested, facsimile, or by hand delivery to Stephen C. Taylor, trial counsel for Applicant, Dan P. Bradley, 11.07 counsel for the Applicant, on this the 2nd day of July , 2015.

_(by permission)_

LOGAN PICKETT,
District Attorney

FILED
at 11:57 o'clock A M

JUL 0 1 2015

DONNA G. BROWN
Clerk, District Court, Liberty, TX

STATE OF TEXAS
COUNTY OF LIBERTY
I, Donna G. Brown, District Clerk of Liberty County, Texas, do hereby certify that the foregoing is a true and correct copy of the original record now in my lawful custody and possession, filed on _7-1-15_ as appears of record in my office.
Witness my official hand and seal of office, this _8-31-15_

DONNA G. BROWN DISTRICT CLERK
Liberty County, Texas
By_____ Deputy

CERTIFIED
COPY