Chad Herbert **GIFFORD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–96–00924–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 17, 1998.

Rehearing Overruled Oct. 15, 1998.

Stanley G., McGee of Angelton, Texas, for appellant.

Donald S., Stephens of Angleton, Texas, for appellee.

Before Justices LEE, AMIDEI, and FOWLER.

## OPINION

FOWLER, Justice.

Appellant, Chad Herbert Gifford ("Gifford"), appeals from his conviction of one count of Aggravated Assault and one count of Deadly Conduct. *See* TEX.PENAL CODE ANN. §§ 22.02, 22.05 (Vernon 1994). The trial court, after hearing evidence, sentenced Gifford to five years imprisonment in the Texas Department of Criminal Justice, Institutional Division. Gifford appeals on five points of error. We reverse the trial court's sentence.

## THE CONTROVERSY

On or about July 28, 1995, Gifford shot a weapon at a passing pickup truck that contained three occupants: Robert W. Brockman, John B. Daspit, Jr., and Jerome L. Farrer III. Several of the shots fired by Gifford traveled through the windshield as well as the back window.

The State indicted Gifford for the offense, he plead guilty, and then chose to have the court assess punishment. At the punishment hearing—before punishment was assessed—the trial court allowed the father of Jerome L. Farrer to address the court. The elder Farrer was an attorney and a former prosecutor. During his comments to the court, the elder Farrer stated the following:

> Your Honor, you know, I'm not here in a suit. I'm not here as a lawyer today and I don't want any misinterpretation of that. I'm here as a father; but I do have feelings as my experience in law enforcement in the juvenile system both as a prosecutor, both as a defense lawyer, both as an employer. I've had two children killed in my office because of gunfire. It's a terrible thing for the parents, terrible thing for the children and there is no reason for it. I believe this has to stop.
>
> The bullet that went through the car missed my son by a few inches. The gun was fired at night at moving vehicles. There is no telling where the bullet was going to go or the other bullets and if they had shot the driver—there were three persons in the car, two with my son. I feel that all of them would have been dead. We would have been up here on capital murder and I would like to see this type of conduct stopped and I think that the persons that do this need to be punished and my [sic] punished, I don't mean probation. I mean sent to the penitentiary.

Gifford's trial counsel never objected to these comments, which were unsworn, nor asked to conduct a cross-examination.

## STANDARD OF REVIEW

In his first point of error, Gifford contends he failed to receive reasonably effective assistance of counsel. The standard for evaluating the effectiveness of counsel at the punishment hearing is the "reasonably effective assistance" test under the Sixth Amendment as stated in *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Crim.App.1980), rather than the two part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Ex parte Felton*,

815 S.W.2d 733, 735 (Tex.Crim.App.1991). Under this standard, the test for determining whether counsel was effective in the punishment phase of a non-capital offense is to determine whether counsel was reasonably likely to render effective assistance and then to determine whether counsel reasonably rendered effective assistance. *See Craig v. State,* 825 S.W.2d 128, 130 (Tex.Crim.App. 1992).

## DISCUSSION AND HOLDINGS

■ Gifford argues his trial counsel was ineffective because he failed to object to the victim impact statements of the elder Jerome Farrer. According to Gifford, the statement was an improper victim impact statement. The question before us is twofold. First, whether (1) any provision in the Code of Criminal Procedure or (2) any case law, would make the statement admissible. And second, if the statement should not have been made, whether Gifford received ineffective assistance of counsel because his counsel did not object.

The Texas Code of Criminal Procedure authorizes a court to receive victim impact statements. *See* TEX.CODE CRIM.PROC.ANN. Art. 42.03 (Vernon Supp.1998). But, as shown below, the legislature has severely limited the use and impact of the statement by requiring that it be made *after punishment has been assessed.*

The court shall permit a victim, close relative of a deceased victim, or guardian of a victim, as defined by Article 56.01 of this code, to appear in person to present to the court and to the defendant a statement of the person's views about the offense, the defendant, and the effect of the offense on the victim. The victim, relative, or guardian may not direct questions to the defendant while making the statement. The court reporter may not transcribe the statement. The statement must be made:

(1) after punishment has been assessed and the court has determined whether or not to grant community supervision in the case;

(2) after the court has announced the terms and conditions of the sentence;

(3) after sentence is pronounced.

*Id.* Clearly, Mr. Farrer's statement, having been made before punishment was assessed, did not qualify as a statement being made under article 42.03. *See id.* It simply failed to meet the guidelines established by that article. Consequently, the trial court should not have allowed the statement—from a former prosecutor and obviously respected member of the community—to occur before the pronouncement of sentence.

In addition, article 37.07 of the Texas Code of Criminal Procedure does not authorize the use of such a statement. *See* TEX.CODE CRIM. PROC.ANN. Art. 37.07 (Vernon 1981 & Supp. 1998). While we recognize that the trial court has broad discretion under article 37.07 to decide what is relevant to sentencing, we find nothing in the article to lead us to conclude that the legislature intended to allow an unsworn statement at the punishment hearing. *See id.* Although the State argues that such a statement is admissible, it has failed to cite to us any authority to support the use of an unsworn statement during the punishment phase. However, the State cited one case where a court has held that a trial judge has the broad discretion under article 37.07 to allow a statement by a victim before the pronouncement of punishment, but the testimony in that case was sworn. *See Brown v. State,* 875 S.W.2d 38, 40 (Tex. App.—Austin 1994, no pet.).

■ Like the parties, we also have found no case law that would authorize the use of an unsworn statement. A victim impact statement, as authorized by the United States Supreme Court in *Payne v. Tennessee,* 501 U.S. 808, 827, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991), and by the Texas Court of Criminal Appeals in *Ford v. State,* 919 S.W.2d 107, 114–16 (Tex.Crim.App.1996), is testimony given under oath and capable of being cross-examined. The statement made in the trial court does not meet these guidelines. In short, the statement was inappropriate because it was not sworn nor capable of being cross-examined. Counsel should have objected, and the trial court should not have allowed the statement to be given.

■ Having found the statement to be inadmissible, we now turn to Gifford's claim of ineffective assistance of counsel. Gifford

maintains his counsel was ineffective because, by failing to object to the inadmissible statement, he forfeited Gifford's right to complain about it on appeal. According to *Duffy*, the test for determining whether counsel was effective at the punishment phase of a non-capital offense is to determine whether counsel was reasonably likely to render effective assistance and then to determine whether counsel reasonably rendered effective assistance. *See Craig*, 825 S.W.2d at 130. More specifically, "for trial counsel's *failure to object* ... to have been ineffective assistance, appellant must demonstrate that if he had objected, the trial judge would have committed error in refusing to sustain his objection." *Vaughn v. State*, 888 S.W.2d 62, 74 (Tex.App.—Houston [1st Dist.] 1994), *aff'd*, 931 S.W.2d 564 (Tex.Crim.App.1996) (emphasis added). We believe that if Gifford's trial counsel had objected to the victim impact statement, the trial court would have erred in overruling the objection. Thus, Gifford has demonstrated that his trial counsel was ineffective. We, therefore, sustain Gifford's first point of error.[1]

Accordingly, we reverse the trial court's sentence and remand for a new punishment hearing.

---

**1.** Because we are reversing on his first point of error and granting the relief requested, we do not need to address Gifford's four other point of error which allege ineffective assistance of counsel during the punishment hearing. Any potential error those points of error contain will be cured by the new hearing on punishment.