Affirmed and Opinion filed November 23, 2005









Affirmed and Opinion filed November 23, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00640-CR

NO. 14-04-00641-CR

 

____________

 

RAMCHAND
JAGAROO, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

___________________________________________________

 

On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause Nos. 961,564 & 961,565

___________________________________________________

 

O P I N I O N








Appellant Ramchand Jagaroo was
indicted in trial cause numbers 961,564 and 961,565 for intoxication
manslaughter and intoxication assault, respectively.  Each indictment contained an enhancement for
appellant=s prior felony conviction for
driving while intoxicated (ADWI@).  Appellant pled guilty to both offenses and
pled true to the enhancements.  The trial
court assessed punishment at confinement for life for intoxication
manslaughter, and twenty years=
confinement for intoxication assault. 
Challenging his punishment in both cases, appellant asserts four issues
on appeal. We affirm. 

I.  Factual
and Procedural Background

On April 19, 2004, without an
agreed recommendation, appellant pleaded guilty to both intoxication
manslaughter and intoxication assault, and pleaded true to the enhancement
paragraph, which contained his prior felony DWI conviction.  Appellant testified that no one had forced
him to plead guilty or true.  He also
stated that he entered his pleas freely and voluntarily.  He acknowledged his understanding that he could
be deported, but still wished to plead guilty. 
He further testified he understood the range of punishment for both
offenses and acknowledged there were no plea bargains.

On June 25, 2004, the trial court
conducted a Pre-Sentence Investigation (hereinafter referred to as APSI@) hearing
in both cases.  At that time, the court
noted appellant had filed a motion to withdraw his pleas on the basis that they
allegedly were not entered freely and voluntarily.  Appellant testified he was not guilty of driving
while intoxicated and he felt threatened by his prior attorney.  The State responded that appellant entered
his pleas freely and voluntarily and pointed out that appellant=s blood
alcohol was at .13 about an hour after the accident.  In addition, several eyewitnesses stated the
accident was appellant=s
fault.  The evidence showed appellant
drove at a high rate of speed and wove his vehicle recklessly in and out of
traffic.  At the conclusion of the PSI
hearing, the trial court found that appellant had used a deadly weapon in the
commission of his offenses and assessed punishment at confinement for life for
intoxication manslaughter, and twenty years=
confinement for intoxication assault. 
The trial court also stated orally that the sentences were to run Aconsecutively,@ but the
written judgment stated that the sentences were to run Aconcurrently.@  








Challenging his punishment,
appellant asserts the following points for appellate review: 

(1) He
received ineffective assistance of counsel at his PSI hearing.

(2) The
judgment should be reformed to delete the cumulation order where he received
two sentences in a consolidated punishment hearing for the Asame criminal action.@

(3) His
punishment is cruel and unusual.

(4) The trial court abused its discretion in denying his motion to
withdraw his pleas. 

For the reasons explained below,
we reject appellant=s
arguments and affirm the trial court=s
judgment.  

II.  Analysis

A.        Was appellant denied effective assistance of counsel at his
PSI hearing? 

Both the United States and Texas
Constitutions guarantee an accused the right to assistance of counsel.  U.S.
Const. amend. VI; Tex. Const. art.
I, ' 10; Tex. Code Crim. Proc. art. 1.051 (Vernon 2005).  This right necessarily includes the right to
reasonably effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668,
686, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984); Ex parte Gonzales, 945
S.W.2d 830, 835 (Tex. Crim. App. 1997). 
To prove ineffective assistance of counsel, appellant must show that (1)
trial counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms,
and (2) there is a reasonable probability that the result of the proceeding
would have been different but for trial counsel=s deficient performance.  Strickland, 466 U.S. at 688B92. 
Moreover, appellant bears the burden of proving his claims by a
preponderance of the evidence.  Jackson v. State, 973 S.W.2d 954, 956 (Tex.
Crim. App. 1998).  








In assessing appellant=s claims, we apply a strong
presumption that trial counsel was competent.  Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).  We presume counsel=s actions and decisions were
reasonably professional and were motivated by sound trial strategy.  See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994).  When, as in this
case, there is no proper evidentiary record developed at a hearing on a motion
for new trial, it is extremely difficult to show trial counsel=s performance was deficient.  See Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).  If there is no
hearing or if counsel does not appear at the hearing, an affidavit from trial
counsel becomes almost vital to the success of an ineffective-assistance claim.  Stults v. State, 23
S.W.3d 198, 208B09 (Tex.
App.CHouston
[14th Dist.] 2000, pet.
ref=d). 









Though the Court of Criminal Appeals
has stated it should be a rare case in which an appellate court finds
ineffective assistance on a record that is silent as to counsel=s trial strategy, that court has been
inconsistent in describing the legal standard by which we should determine
whether a particular case constitutes such a rarity.  See Andrews v. State, 159 S.W.3d 98,
103 (Tex. Crim. App. 2005) (stating facts at hand presented a Arare case@ in which ineffective assistance can
be found on direct appeal based on a record silent as to counsel=s trial strategy); Andrews,
159 S.W.3d at 104 (Keller, P.J., dissenting) (stating the Court of Criminal
Appeals has been inconsistent in its approaches to ineffective assistance
claims on direct appeal based on a silent record and indicating the court=s approach in Andrews is
inconsistent with its approach in Freeman v. State, 125 S.W.3d 505 (Tex.
Crim. App. 2003)); see also Storr v. State, 126 S.W.3d 647, 655B58 (Tex. App.CHouston [14th Dist.] 2004, pet ref=d) (Frost, J., dissenting) (stating
that court should follow latest guidance from the Court of Criminal Appeals in Freeman).  The Court of Criminal Appeals recently
indicated that appellate courts should find ineffective assistance as a matter
of law if no reasonable trial strategy could justify trial counsel=s conduct, regardless of whether the
record adequately reflects trial counsel=s subjective reasons for acting as
she did.  See Andrews, 159 S.W.3d
at 102.  Shortly thereafter, the Court of
Criminal Appeals returned to an earlier formulation and stated that, absent an
opportunity for trial counsel to explain her actions, appellate courts should
not find ineffective assistance unless the challenged conduct was A>so outrageous that no competent
attorney would have engaged in it.=@  Goodspeed v. State, __ S.W.3d __, 2005 WL
766996, at *2 (Tex. Crim. App. Apr. 6, 2005) (quoting Garcia v. State,
57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). 
We follow the most recent pronouncementCthe legal standard from Goodspeed.

In his
first issue, appellant contends he was denied effective assistance of counsel
at the PSI hearing because his counsel allegedly: (1) failed to object to
victim impact testimony; (2) failed to present mitigating evidence; (3) made a
prejudicial closing argument; and (4) failed to object that his punishment was
cruel and unusual. We find no merit in appellant=s
contentions, each of which is addressed individually. 

1.         Failure to
Object to Victim Impact Testimony.








Appellant asserts his counsel should
have objected to testimony by the victim and the victim=s family members that was presented
before the trial court assessed punishment. 
Appellant contends that failure to object to a victim impact statement
made before sentencing under section 42.03 of the Texas Code of Criminal
Procedure constitutes ineffective assistance of counsel and reversible error.[1]  We disagree with appellant because article
42.03 does not restrict the information contained in a PSI report before the
pronouncement of sentencing.  See
Fryer v. State, 68 S.W.3d 628 (Tex. Crim. App. 2002) (holding victim
impact statement statutes did not prohibit court from considering victim=s recommendations in pre-sentence
report). 

At the PSI hearing, the State called
the victim of the intoxication assault, the victim=s sister, the victim=s mother, and wife of the victim=s father (who had died in the
collision).  These witnesses testified
under oath and were cross-examined.  This
evidence was admissible and directly related to the offenses for which
appellant had pleaded guilty.  The
procedures to be followed at the punishment stage of trial and the evidence
that may be considered in determining punishment are the subject of article
37.07 of the Texas Code of Criminal Procedure. 
See Tex. Code Crim. Proc.
Ann. Art. 37.07 (Vernon Supp. 2004). 
This statute authorizes the admission of evidence in the punishment
phase of trial as to any matter the court deems relevant to sentencing.  Id. 
The circumstances of the offense are relevant to sentencing and may
be considered by the trier of fact in determining the punishment to be
assessed.  Murphy v. State, 777
S.W.2d 44, 63 (Tex. Crim. App. 1989). 
One circumstance of the offense that may be considered is the degree of
injury to the victim so long as the fact finder may rationally attribute moral
culpability to the accused for that injury.  Stavinoha v. State, 808 S.W.2d 76,
78B79 (Tex. Crim. App. 1991) (holding in
aggravated sexual assault case that testimony regarding psychological trauma
suffered by child victim and its physical manifestations properly admitted); Miller-El
v. State, 782 S.W.2d 892, 896 (Tex. Crim. App. 1990) (holding in
attempted murder case that testimony regarding victim=s medical prognosis properly
admitted). 








Appellant contends the facts of his
case are similar to those in Gifford v. State, 980 S.W.2d 791 (Tex. AppCHouston [14th Dist.] 1998, pet. ref=d). 
We disagree.  In Gifford,
a panel of this court held counsel rendered ineffective assistance at the
punishment hearing in failing to object to victim impact statement made by a
father of one of the victims prior to pronouncement of sentence, noting that if
counsel had objected, the trial court would have erred in overruling such an
objection.  See id. at 794.  However, the victim impact statement at
issue in Gifford was not sworn or capable of being cross-examined. 

The facts in this case are more like
those in Brown v. State, in which the Third Court of Appeals held
the victim=s testimony about how the incident
had impacted her life was admissible at the punishment hearing prior to
punishment being assessed and pronouncement of the sentence.  875 S.W.2d 38, 40 (Tex. App.CAustin 1994, no pet.).  The Brown court concluded that nothing
in the text of article 42.03 suggests it was intended to prohibit the
consideration of victim impact evidence in punishment.  Id. 
The testimony in the case before us was given at the PSI hearing as part
of the PSI report.  The PSI report and
letters from family and friends attached to the report contained the same
information as the live testimony given at the hearing.  The testimony offered by the victim and the
victim=s family was both sworn and subject
to cross-examination.  See Payne v.
Tennessee, 501 U.S. 808, 827, 111 S. Ct. 2597, 115 L. Ed. 720
(1991); Ford v. State, 919 S.E.2d 107, 14 (Tex. Crim. App.
1996).  The trial court was authorized by
statue to consider the PSI report and testimony prior to pronouncing
punishment.  See Tex. Code Crim. Proc. Ann. Art. 37.07
and 42.12 ' 9 (Vernon Supp. 2004) (stating that
prior to imposition of sentence, the judge shall direct a supervision officer
to report in writing on the circumstances of the offense charged, the amount of
restitution necessary to compensate a victim, the criminal and social history
of the defendant, and any other information relating to the defendant or the
offense requested by the judge).  








In addition, appellant failed to
overcome the presumption that his counsel=s actions were part of a strategic
plan.  See Tong v. State, 25
S.W.3d 707, 713B14 (Tex. Crim. App. 2000), cert. denied, 532
U.S. 1053, 121 S. Ct. 2196, 149 L. Ed. 2d 1027 (2001) (holding counsel=s failure to object to victim impact
testimony and evidence was not ineffective assistance of counsel when the trial
record was silent as to counsel=s strategy).  

We hold that appellant failed to show
ineffective assistance of counsel based on his complaint that his counsel
failed to object to testimony by the victim and the victim=s family offered before the trial
court assessed punishment. 

2.         Alleged Failure to Present Mitigating Evidence at
Pre-Sentence Investigation Hearing

 

Appellant contends his counsel
provided ineffective assistance by his failure to present mitigating evidence
at the PSI hearing.  Appellant argues
that his counsel=s actions are ineffective just as those found ineffective in Milburn
v. State, a case in which a panel of this court held defense counsel=s unreasonable failure to present any
mitigating evidence at the punishment hearing was prejudicial, amounting to
ineffective assistance of counsel.  15
S.W.3d 267, 270 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d). 
The facts in Milburn are distinguishable from the facts in this
appeal.  In Milburn, the
defendant filed a motion for new trial and the court held a hearing on that
motion. 15 S.W.3d at 270.  At the
hearing, the defendant=s counsel himself admitted that he had neither investigated
nor evaluated the punishment evidence.  Id.  We
held that the defendant demonstrated prejudice and that his counsel=s failure to present any mitigating
evidence deprived appellant of the possibility of bringing out even a single
mitigating factor.  Id. at 271. 








In contrast, appellant concedes his
counsel procured positive letters on his behalf from employers, friends, and
family members.  These statements, as
well as statements from appellant himself, were attached as an addendum to the
PSI report, which was evaluated by the trial court before and during the PSI
hearing.  Moreover, appellant did not
file a motion for new trial and points to nothing in the record to support his
contention that other mitigating evidence should have been presented.  In addition, appellant has not shown how
testimony by live witnesses would have differed from the statements and letters
attached to the PSI report. 
Consequently, appellant has not shown that his counsel=s performance was deficient, or that
he was prejudiced by his counsel=s performance in this regard. 

3.         Counsel=s Performance During Closing Argument

Appellant contends his counsel=s performance was ineffective during
closing argument and this action was prejudicial because his counsel stated Ahe had a difficult job@ and Awould not want to be in the position
of the judge or of the Smith family.@ 
Appellant takes these statements out of context.  

An ineffective-assistance-of-counsel
claim cannot be based on a difference of opinion concerning strategy.  It must be firmly found in the record.  Thompson, 9 S.W.3d at 813.  The record in this case is silent as to
counsel=s tactics or strategy concerning his
closing argument. See Lumpkin v. State, 129 S.W.3d 659, 665 (Tex.
App.CHouston [1st Dist.] 2004, pet. ref=d); Duckworth v. State, 89
S.W.3d 747, 752 (Tex. App.CDallas 2002, no pet). 
Moreover, despite appellant=s contention, his counsel=s closing argument, when considered
as a whole, tended to advance appellant=s interests.  Though appellant=s counsel sympathized with the
victims of the tragedy, he stated appellant was a good person, who made the
mistake of driving while intoxicated, and did not intend to kill anyone.  Viewing appellant=s counsel=s closing argument in its entirety,
we conclude that appellant has not shown that his counsel=s performance fell below the range of
reasonable professional judgment, or that he was prejudiced by his counsel=s performance. 

4.         Failure to Object on the Basis that Sentencing Allegedly
Constitutes Cruel and Unusual Punishment

 








Finally, appellant contends his
counsel was ineffective based on his counsel=s failure to object that appellant=s punishment was cruel and
unusual.  Appellant has not shown his
counsel=s failure to object was A>so outrageous that no competent
attorney would have engaged in it.=@  Goodspeed, __ S.W.3d __, 2005 WL 766996,
at *2.  

Before this court may conclude
counsel was ineffective for failure to make an objection, appellant must show
the trial court would have erred in overruling the objection. See Vaughn v.
State, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996).  Appellant cannot make this showing because
his sentence lies within the punishment range, and therefore is not cruel and
unusual.  It is not ineffective
assistance for counsel to forego making frivolous arguments and objections.  See Edmond v. State, 116 S.W.3d
110, 115 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d). 

The record contains sufficient
evidence to show any objection on the basis of cruel and unusual punishment
would have been futile.  Appellant was
convicted of intoxication manslaughter, a second degree felony, and
intoxication assault, a third degree felony.  See Tex.
Pen. Code Ann. '' 49.08, 49.07 (Vernon 2003). 
Each indictment contained an enhancement paragraph to which appellant
had pleaded Atrue.@ 
Appellant had been convicted twice before.  Appellant already had been sentenced to three
years= of confinement in 1994 for driving
while intoxicated.  He was rightfully
sentenced as a habitual offender.  See
Tex. Pen. Code Ann. ' 12.42(d) (Vernon Supp. 2004).  Due to the enhancement, a life sentence for a
first-degree felony of intoxication manslaughter was not inappropriate nor was
the punishment of twenty years= confinement for the intoxication assault. See id. at ''12.42(d), 12.42 (a)(3).  Appellant=s punishment was assessed within the
statutory range, and therefore is not cruel and unusual.  See Harris v. State, 656 S.W.2d
481, 486 (Tex. Crim. App. 1983); Benjamin v. State, 874 S.W.2d
132, 134B35 (Tex. App.CHouston [14th Dist.] 1994, no
pet).  Had trial counsel objected to the
punishment as cruel and unusual, the trial court would not have erred in
overruling the objection.  Thus, appellant
has not shown that he received ineffective assistance of counsel in this
regard. 








We conclude appellant did not receive
ineffective assistance of counsel at his PSI hearing, and we overrule appellant=s first issue. 

B.        Should appellant=s sentence be reformed to delete the cumulation
order where he was sentenced to twenty years= confinement and life
confinement in a consolidated punishment hearing?

 

In his
second issue, appellant contends the judgment must be reformed to delete the
cumulation order because
he received consecutive sentences at a consolidated punishment hearing.  More specifically, he contends it was error
for the trial court to impose consecutive sentences at a consolidated hearing for
the Asame criminal action.@ 
The State contends that because there is no written cumulation order,
there is nothing for this court to reform. 
The State is correct.  

When a defendant is sentenced on the
same day in several causes, the sentences run concurrently unless the trial
court, by order, expressly makes cumulative the several punishments.  Ex parte Applewhite, 729 S.W.2d
706, 708 (Tex. Crim. App. 1987).  The
terms of any cumulation order must be reflected in the judgment.  Tex.
Code Crim. Proc. Ann. Art. 42.01 ' 1(19) (Vernon Supp. 2004).  This order must be in writing.  See Young v. State, 579 S.W.2d 10
(Tex. Crim. App. 1979) (emphasis added). 









Moreover, when a conflict exists
between a trial court=s written order and its oral pronouncement at trial, the
written order controls.  See Ablon v.
State, 537 S.W.2d 267, 269 (Tex. Crim. App. 1976) (stating written
probation revocation order controlled over court=s oral pronouncement at hearing); Eubanks
v. State, 599 S.W.2d 815, 817 (Tex. Crim. App. 1980) (same); Hubbard v.
State, 896 S.W.2d 359, 361 (Tex. App.CHouston [1st Dist.] 1995, no pet.)
(holding that written judgment controlled over oral pronouncement); Normand
v. State, 686 S.W.2d 275, 277B78 (Tex. App.CHouston [14th Dist.] 1985, pet. ref=d) (stating that written judgment
controlled over oral pronouncement of sentence).  This is particularly true when the written
order is included in the appellate record and no issue is raised as to its
accuracy.  Ablon, 537
S.W.2d at 267.  Oral cumulation orders
entered pursuant to article 42.08 are void unless they are reflected in the
written judgment.  Dutton v. State,
836 S.W.2d 221, 228B29 (Tex. App.CHouston [14th Dist.] 1992, no pet.); Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon Supp.
1997).  Thus, the written order in this
case controls.

Appellant directs this court to the
portion of the reporter=s record at which the trial court orally pronounced the
sentences would run consecutively. 
However, the written judgment provides as follows:

IT IS ORDERED by the Court that this
sentence runs concurrent [sic] with any other sentence(s) unless it is
indicated on the Judgment Addendum that the sentence is to run cumulatively. 

 

We conclude that because there is no
written cumulation order, there is nothing for this court to reform.  Appellant has failed to show any error.  Accordingly, we overrule appellant=s second issue. 

C.        Is appellant=s punishment cruel and unusual?

In his third issue, appellant
contends his sentences were not proportional to the offenses committed, and
thus violate his state and federal rights against cruel and unusual
punishment.  Appellant did not raise
these complaints in the trial court, and thus has failed to preserve them for
appellate review.  See Tex. R. App. P. 33.1(a); Curry v.
State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (holding cruel and
unusual punishment complaint not preserved); Nicholas v. State, 56
S.W.3d 760, 768 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d) (holding A[t]he constitutional right to be free
from cruel and unusual punishment may be waived.@). 
In any event, even if appellant had preserved this complaint for review,
we would overrule this issue based upon our analysis stated above in Section A,
4, above.  Appellant=s punishment was within the statutory
range and does not violate the constitutional prohibitions on cruel and unusual
punishment.  See Harris, 656
S.W.2d at 486.  Accordingly, we overrule
appellant=s third issue. 








D.        Did the trial court abuse its discretion in denying appellant=s motion to withdraw his pleas? 

 

In his fourth issue, appellant
contends the trial court abused its discretion in denying his motion to
withdraw his guilty pleas to intoxication manslaughter and intoxication
assault, and his pleas of Atrue@ to the enhancements in the indictments.  

We review a trial court=s denial of a motion to withdraw a
plea after a case is taken under advisement for abuse of discretion.  Jackson v. State, 590 S.W.2d
514, 515 (Tex. Crim. App. 1979); Moreno v. State, 90 S.W.3d 887,
889 (Tex. App.CSan Antonio 2002, no pet.).  To show the trial court abused its discretion
when it refused to allow appellant to withdraw his pleas, appellant must show
the trial court=s rulings lie outside the zone of reasonable disagreement.  See id.

A defendant may withdraw his plea as
a matter of right, without assigning a reason, until judgment is pronounced or
the case is taken under advisement by the trial court.  Jackson v. State, 590 S.W.2d 514, 515
(Tex. Crim. App. 1979).  If, however, a
defendant desires to withdraw his guilty plea after the court has taken the
case under advisement, withdrawal of the plea is within the sound discretion of
the court.  Id.  After a trial court has admonished a defendant,
received the plea and evidence, and passed the case for pre‑sentence
investigation, the case has been taken under advisement.  Rivera v. State, 952 S.W.2d 34, 35 (Tex.
App.CSan Antonio 1997, no pet.).  Appellant did not seek to withdraw his pleas
until this case had been taken under advisement.  Thus, he could not withdraw them as a matter
of right. 








At appellant=s hearing on his pleas, he testified
that no one had forced him to plead guilty or forced him to plead true.  He was not threatened or promised anything in
return for his pleas.  Appellant further
testified he was entering the pleas freely and voluntarily and understood that
a plea of guilty to the charged offenses could result in deportation.  The trial court admonished appellant on the
range of punishment for each offense. 
All parties agreed appellant did not have any plea agreements with the
State as to punishment.  Appellant freely
and voluntarily signed the waiver of his constitutional rights, and signed the
written admonishments only after reviewing the documents with his
attorney.  In addition, appellant waived
his right to a jury trial and understood that once sentences were pronounced,
he would not have the opportunity to plea Anot guilty@ or contest the charges. 

Appellant=s new counsel filed a motion to
withdraw his pleas of guilty and pleas of true prior to the PSI hearing.  Appellant stated he had felt pressured by his
former attorney to enter the pleas.  At
the PSI hearing, the trial court allowed argument on this motion.  The trial court, exercising its discretion,
denied the motion.  There is no evidence
in the record to show an abuse of discretion by the trial court.  See DeVary v. State, 615 S.W.2d
739, 740 (Tex. Crim. App. 1981) (holding the trial court did not abuse its
discretion although the defendant had been admonished incorrectly on the
punishment range); Stancliff v. State, 852 S.W.2d 639, 640B41 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d), overruled on other grounds by
Whitelaw v. State, 29 S.W.3d 129 (Tex. Crim. App. 2000) (holding that the
trial court did not abuse its discretion in denying the defendant=s request to withdraw his plea,
although the accused claimed the report contained factually inaccurate
material).  Indeed, the record reflects
appellant was properly admonished at his hearing and that he freely and
voluntarily entered his pleas. 
Accordingly, we overrule appellant=s fourth issue. 

Having overruled all of appellant=s issues, we affirm the trial court=s judgment. 

 

/s/        Kem Thompson Frost

Justice

 

Judgment
rendered and Opinion filed November 23, 2005.

Panel
consists of Justices Hedges, Frost, and Murphy.[2]

Publish
C Tex.
R. App. P. 47.2(b).

 

 











[1]  Article 42.03
provides in pertinent part: 

 

(a) Except as provided in Article 42.14, sentence
shall be pronounced in the defendant's presence.

 

(b) The court shall permit a victim, close relative of
a deceased victim, or guardian of a victim, as defined by Article 56.01 of this
code, to appear in person to present to the court and to the defendant a
statement of the person=s views about the offense, the defendant, and the
effect of the offense on the victim. The victim, relative, or guardian may not
direct questions to the defendant while making the statement. The court
reporter may not transcribe the statement. The statement must be made:

(1) after punishment has been assessed and the court
has determined whether or not to grant community supervision in the case;

(2) after the court has announced the terms and
conditions of the sentence; and

(3) after sentence is pronounced.

 

Tex. Code Crim. Proc. Ann. Art. 42.03 (Vernon Supp. 2004).

 





[2]  Senior Chief
Justice Paul C. Murphy sitting by assignment.