ACCEPTED
14-14-00774-cr
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
4/20/2015 1:56:19 PM
CHRISTOPHER PRINE
CLERK

No.   14-14-00774-CR

In the Court of Appeals for the
Fourteenth District of Texas at Houston

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
4/20/2015 1:56:19 PM
CHRISTOPHER A. PRINE
Clerk

———————————◆———————————

No. 1415457

In the 248th District Court
Of Harris County, Texas

———————————◆———————————

**JOSEPH LEE FIEDOR**
*Appellant*
v.

**THE STATE OF TEXAS**
*Appellee*

———————————◆———————————

**APPELLANT'S BRIEF ON DIRECT APPEAL**

———————————◆———————————

**ADAM BANKS BROWN**
**300 MAIN SUITE 200**
**HOUSTON, TEXAS 77002**
TEL:  713-223-0051
FAX : 713-223-0877
SBOT:  24003775

*Counsel for Appellant*

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 9.4(g) and TEX. R. APP. P. 39.1, appellant requests oral argument only if requested by the State.

## PARTY IDENTIFICATION

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below:

Counsel for Appellant:

**Adam B. Brown ──** Counsel on appeal

**Richard F. Burgess** ── Counsel at trial

Appellant (Criminal Defendant):

**Joseph Lee Fiedor**─Appellant

Counsel for the State:

**Devon Anderson ──** Harris County District Attorney (interim)

**Alan Curry** ── Assistant District Attorney on appeal

**Allison Bambridge** ── Assistant District Attorney at trial

Trial Judge:

**Hon. Katherine Cabaniss** ── Presiding Judge

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT..................................................................2

PARTY IDENTIFICATION ................................................................................................2

INDEX OF AUTHORITIES..................................................................................................5

STATEMENT OF THE CASE...............................................................................................7

STATEMENT OF FACTS ......................................................................................................7

SUMMARY OF THE ARGUMENT ....................................................................................8

POINT OF ERROR ................................................................................................................9

POINT OF ERROR ONE — FAILURE TO OBJECT TO DESCRIPTION OF PRIOR FELONY OFFENSE IN THE PRE-SENTENCE INVESTIGATION RESULTED IN INEFFECTIVE ASSISTANCE OF COUNSEL

    A.    Standard of Review and Applicable Law .........................................................9

    B.    Argument ...........................................................................................................10

POINT OF ERROR TWO — FAILURE TO OBJECT TO UNSWORN TESTIMONY IN THE PRE-SENTENCE INVESTIGATION RESULTED IN INEFFECTIVE ASSISTANCE OF COUNSEL

    A.    Standard of Review and Applicable Law ........................................................11

    B.    Argument .............................................................................................................12

POINT OF ERROR THREE — FAILURE TO PROVIDE FURTHER MITIGATION TESTIMONY RESULED IN INEFFECTIVE ASSISTANCE OF COUNSEL

    A.    Standard of Review and Applicable Law ........................................................13

B.    <u>Argument</u> ...............................................................................................................13

<u>CONCLUSION</u> ...........................................................................................……..15

<u>CERTIFICATE OF SERVICE</u> …………………………….....................................................15

# INDEX OF AUTHORITIES

**CASES**

*Strickland v. Washington* ,
  466 U.S. 668 ........................................................................................................ 7

*Hernandez v. State*,
  988 S.W.2d 770 (Tex. Crim. App. 1999), ......................................................... 7

*Kemp v. State*,
  892 S.W.2d 112 (Tex.App.Houston [1ˢᵗ Dist.]   1994, pet. refˈd) .............................. 8

*Ex Parte Duffy*,
  607 S.W.2d 507 ........................................................................................................ 7

*McFarland v. State*,
  928 S.W.2d 482 (Tex. Crim. App. 1996), ........................................................ 8

*Glover v. United States*,
  531 U.S. 198 (2001)  ........................................................................................ 8

*Wyatt v. State*,
  23 S.W.3d 18 (Tex. Crim. App. 2000), ............................................................. 8

*Gifford v. State*,
  980 S.W.2d 791 (Tex.App.Houston [1ˢᵗ Dist.]   1998, pet. refˈd) ........................... 8

*Delrio v. State* ,
  840 S.W. 2d 443 ................................................................................................ 12

*Jackson v. State* ,
  877 S.W. 2d 768 ................................................................................................ 12

**RULES**

TEX. R. APP. P. 39.1 .................................................................................................. 1

TEX. R. APP. P. 9.4(g) .............................................................................................. 1

TEX. R.EVID. 403 .................................................................................................... 8

TO THE HONORABLE COURT OF APPEALS:

## STATEMENT OF THE CASE

The State charged Appellant with Intoxication Assault. Appellant pled guilty to the charge and a Pre-Sentence Investigation was ordered. The Court, after a hearing, found Appellant guilty as charged, and assessed his punishment at the maximum confinement of 20 years in the Texas Department of Criminal Justice, Institutional Division. Appellant filed a timely and written notice of appeal.

———————◆———————

## STATEMENT OF FACTS

The following synopsis describes the testimony given by the relevant witnesses. It should not be construed as Appellant's acceptance of any fact asserted. Some witness testimony was not mentioned nor referred to for the sake of judicial economy. However, Appellant requests the Court to consider and review the entire record of the hearing on the merits when rendering their decision.

Appellant was arrested and charged with the offense of Intoxication Assault on January 24, 2014. He plead guilty to the charge on July 1, 2014 and requested a punishment hearing along with a Pre-sentence Investigation Report (hereinafter PSI). On August 18, 2014, a punishment hearing was presented to the 248th District Court. At the hearing, the PSI was produced by the probation department. The results of the PSI report and testimony from the Appellant's foster mother were the only evidence presented by Appellant at that hearing. Upon the State's motion to enter the PSI, Appellant's trial attorney failed to make any objections to its admission.

Included in the PSI report were highly prejudicial and improper pieces of key evidence, including but not limited to lengthy descriptions of the facts of a juvenile sexual assault of a child

7

case which was used as an enhancement and letters from Victims family and coworkers which requested the maximum sentence. Very little mitigation testimony was given

Appellant would argue trial counsel's failure to object to this improper evidence proves said trial counsel was ineffective in his representation of Appellant under the *Strictland* review.

Additionally, at the hearing, trial counsel failed to present proper evidence of Appellant's mental health and childhood history for mitigation purposes. This failure to provide such evidence proves said trial counsel was ineffective in his representation of Appellant under the *Strickland* review.

———————◆———————

## SUMMARY OF THE ARGUMENT

In Appellant's first point of error, Appellant argues that he received ineffective assistance of counsel at his hearing on punishment. Specifically, Appellant argues that his trial counsel was ineffective in that he failed to timely object to descriptions of a prior felony offense in the Pre-sentence Investigation Report.

In Appellant's second point of error, Appellant argues that he received ineffective assistance of counsel at his hearing on punishment. Specifically, Appellant argues that his trial counsel was ineffective in that he failed to object to unsworn testimony presented in the PSI report.

In Appellant's third point of error, Appellant argues that he received ineffective assistance of counsel at his hearing on punishment. Specifically, Appellant argues that his trial counsel was ineffective in that he presented only limited mitigation evidence during the hearing.

———————◆———————

# POINT OF ERROR

**POINT OF ERROR ONE** — FAILURE TO OBJECT TO DESCRIPTION OF PRIOR FELONY OFFENSE IN THE PRE-SENTENCE INVESTIGATION RESULTED IN INEFFECTIVE ASSISTANCE OF COUNSEL

A.   Standard of Review and Applicable Law

Ineffective assistance of counsel is evaluated using a two step process.   *Strickland v. Washington* 466 U.S. 668.   The first is the trial counsel's representation fell below the objective standard of reasonableness (Id. 688).   To prove this step, the Appellant must identify the specific acts or omissions of counsel alleged to be ineffective and prove they were ineffective.   *Hernandez v. State*, 988 S.W.2d. 770 (Tex.Crim.App. 1999).   The second is the Appellant must show a prejudice as a result of counsel's performance *See Strickland*, 466 U.S. at 694.   A record that focuses on the conduct of trial counsel is necessary for a proper evaluation *Kemp v. State*, 892 S.W.2d 112 (Tex.App.Houston [1st Dist.]   1994, pet. ref'd).   To show prejudice, Appellant must show that but for the ineffective actions of the trial attorney, the result of the proceeding would have been different.   *See Strickland* at 694, 104 S.Ct. at 2068.

The Strickland test now applies to the punishment phase of a non-capital trial. See *Hernandez v. State,* 988 S.W.2d 53 (Tex. Crim.   App.1999), overruling *Ex parte Duffy,* 607 S.W.2d 507, 516 (Tex.Crim.App.1980) (establishing test for ineffective assistance of counsel in punishment phase  of non-capital trial). We now  apply  the  same two-prong Strickland standard of  review for ineffective assistance of counsel claims in  both the guilt/innocence phase of trial and the punishment phase of trial. *Hernandez v. State,* 726 S.W.2d 53, 55 (Tex. Crim.  App.    1986). To show ineffective assistance of counsel at punishment, the appellant must first demonstrate counsel's  representation fell  below an objective  standard of reasonableness under prevailing professional norms. *See Strickland v.*

9

*Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Crim.App.1996). Counsel's competence is presumed, and the appellant must rebut this presumption by identifying the acts or omissions of counsel that are alleged as ineffective and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland,* 928 S.W.2d at 500. An ineffectiveness claim cannot be demonstrated isolating any portion of counsel's representation, but is judged on the totality of the representation. *See Strickland,* 466 U.S. at 688, 104 S.Ct. at 2065. The Supreme Court has held that counsel's deficient performance that resulted in a higher sentence under determinate sentencing guidelines constitutes prejudice. *Glover v. United States,* 531 U.S. 198 (2001).

The Rule 403 balancing test includes the following factors: 1) how compellingly the extraneous offense evidence serves to make a fact or consequence more or less probable a factor which is related to the strength of the evidence presented by the proponent to show the Defendant in fact committed the extraneous offense; 2) the potential the other offense evidence has to impress the jury in some irrational but nevertheless indelible way; 3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and 4) the force of the proponent's need for this evidence to prove a fact of consequence *Wyatt v. State*, 23 SW3rd 18, 26 (Tex.Crim.App. 2000). Texas Rules of Evidence 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury TEX.R.EVID. 403.

B.  Argument

At the punishment hearing, a major portion of the evidence presented both for and against

Appellant was the PSI report.   Therefore, it must be assumed the Court took the report into great consideration prior to rendering the maximum sentence against the Appellant despite the lack of any real prior offenses other than those committed when the Appellant was very young.

As to this prior offense, the Appellant's trial attorney allowed into evidence very specific and highly prejudicial details.   While descriptions of prior offenses are admissible, they are not allowed to cross the line of prejudicial under rule 403 of the Rules of Evidence.   In this case, the PSI contained descriptions such as the Appellant, "leaping on another student in a sexual manner" and a medical exam which showed, "dried blood around the anal area."   This statement along with other descriptors in the PSI are highly prejudicial to Appellant and would have resulted in a different outcome in the sentencing.   Trial counsel's failure to object to this evidence cannot be considered trial strategy and falls below the standard of reasonableness under the *Strickland* review.

**POINT OF ERROR TWO** — FAILURE TO OBJECT TO UNSWORN TESTIMONY IN THE PRE-SENTENCE INVESTIGATION RESULTED IN INEFFECTIVE ASSISTANCE OF COUNSEL

A.   Standard of Review and Applicable Law

In *Gifford v. State,* 980 S.W.2d 791 (Tex. App. -Houston [1st Dist.] 1998,pet. ref d), the First Court of Appeals reversed and remanded for a new punishment hearing, where counsel for the defense 1) failed to object to unsworn victim impact statements made before sentencing and 2) did not ask to conduct cross-examination.   However, as previously mentioned, the Defense failed to object to their admission under Article 42.03 Sec. 1 (b) of the Texas Code of Criminal Procedure. The Texas Code of Criminal Procedure authorizes a court to receive victim impact statements. *See* Tex.CodeCrim.Proc.Ann. Art. 42.03 Sec. 1 (b) (Vernon Supp.2013).   But, as shown   below, the legislature has severely limited the use and impact of the statement by

11

requiring that it be made after punishment has been assessed:

(b) The court shall permit a victim, close relative of a deceased victim, or guardian of a victim, as defined by Article 56.01 of this code, to appear inperson to present to the court and to the defendant a statement of the person's views about the offense, the defendant, and the effect of the offense on the victim. The victim, relative, or guardian may not direct questions to the defendant while making the statement. The court reporter may not transcribe the statement. The statement must be made:

(1) after punishment has been assessed and the court has determined whether or not to grant community supervision in the case;

(2) after the court has announced the terms and conditions of the sentence;

(3) after sentence is pronounced.

B. Argument

Trial counsel failed to object to the portion of the PSI which allowed non-sworn testimony before the court in the form of letters written by family and friends of the victim requesting the maximum sentence be imposed. These letters number twenty seven. Two of the letters have additional signatures of thirty eight different people. All of the letters reflect their views about the offense, the Defendant, and the effect of the offense has had. This unsworn evidence was admitted prior to punishment being assessed. The witnesses were not present to testify, and therefore were unavailable for cross-examination.

The complained of unsworn victim impact statements contained within the letters were entered into evidence 1)before punishment was assessed, 2) before the court announced the terms and conditions of the sentence and 3) before sentence was pronounced. Clearly, these unsworn

12

victim impact statements, did not qualify as admissible statements under article 42.03. *See id..* Consequently, Defense counsel should have objected to the State's introduction of the letters containing unsworn victim impact statements into evidence. Appellant argues that ineffective assistance of counsel in his case is the equivalent of denial of counsel and that he should be granted another Pre-Sentence Investigation hearing.

POINT OF ERROR THREE — FAILURE TO PROVIDE FURTHER MITIGATION TESTIMONY RESULTED IN INEFFECTIVE ASSISTANCE OF COUNSEL

A.  Standard of Review and Applicable Law

The benchmark for judging a claim of ineffective assistance is whether counsel's conduct so undermined the proper functioning of the adversarial process that a trial could not be relied on as having produced a just result. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish ineffective assistance of counsel at the guilt\innocence stage of trial, the appellant must show that (I) his counsel's performance was deficient, i.e., counsel's errors were so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) the deficient performance prejudiced the defense i.e., deprived him of a fair trial. Id. at 687; see *Hernandez v. State,* 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).

These errors demonstrate (1) that appellant's counsel's performance was undeniably deficient, i.e. counsel's errors were so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) the deficient performance prejudiced the defense i.e., deprived him of a fair hearing. Id. at 687; see *Hernandez* v. *State,* 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).

B.  Argument

At the PSI hearing, the only live testimony presented by the Defense was from the

Appellant's foster mother Anna L. Jones. Ms. Jones was able to merely provide a brief insight into the character of the Appellant. There was no testimony concerning Appellant's mental health issues or brutal upbringing. As noted in the PSI report, Appellant had been treated in the past for Depression and for being Bipolar. Appellant was permanently sent to foster care at a very young age. He reported he was that beaten by both his step father and foster mother since the age of 5. An expert witness able to discuss these mental diseases and his traumatic childhood and their possible role in the actions of Appellant would have been critical to providing to the Court a better idea of what the proper sentence would be. Additionally, the record is also clear that should Appellant's attorney have put on any mitigation evidence, the outcome would have been different since Appellant was sentenced to the maximum under the agreement. Therefore, the record shows that the mitigation evidence would have at least given the Court reason to give less than the maximum.

As it applies to all points of error presented, Appellant is well aware of the case law regarding an ineffective argument on direct appeal with a "cold record" *See Delrio v. State* 840 S.W. 2nd 443, 446. However, Appellant would argue a transcript of this nature is by no means required if the "cold record" shows enough evidence for the Appellate Court not to speculate to determine if the trial strategy was reasonable or not. See *Jackson v. State* 877 S.W.2d 768, 771. Despite the lack of a transcript of a Motion for New Trial hearing, there can be no explanation for the trial attorney not to put on more mitigating evidence or make proper objections.

———————◆———————

## **CONCLUSION**

For the reasons described above, Appellant's three points of error should be sustained and his conviction reversed for a new punishment hearing.


## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing instrument has been mailed or hand-delivered to the State's attorney at the following address on April 20, 2015:


Mr. Alan Curry
Harris County District Attorney's Office
1201 Franklin St., Ste. 600
Houston, Texas 77002


/s/ *Adam Banks Brown*
**ADAM BANKS BROWN**
**300 MAIN SUITE 200**
**HOUSTON, TEXAS 77002**
**TEL: 713-223-0051**
**FAX : 713-223-0877**
**SBOT: 24003775**

*Counsel for Appellant*


Date: April 20, 2015